## Hibbard v. Brown.

*Statutory Real Action in Nature of Ejectment.*

*Title of purchaser at tax sale.* — The tax-collector's certificate to the purchaser of lands sold for unpaid taxes, given under the 72d section of the revenue law of 1868, does not convey such title as will enable the purchaser to maintain ejectment, within two years after the sale, against the owner remaining in possession.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. P. O. HARPER.

This action was brought by Sallie V. B. Hibbard against R. B. Brown, to recover the possession of a tract of land, which was in the possession of the defendant, together with damages for its detention; and was commenced on the 30th August, 1873. The defendant pleaded, " in short by consent, 1st, the general issue; and, 2d, that since the commencement of this suit, and within two years from the sale by the tax-collector, he had redeemed the lands sued for." Issue was joined on the first plea, and the alleged redemption was admitted on the trial, as the bill of exceptions states. The only evidence of title adduced by the plaintiff, as appears from the bill of exceptions, was a certificate of purchase from the tax-collector of the county ; which was in proper form, was dated the 5th day of May, 1873, and recited the sale of the lands on that day, as

470 SUPREME COURT [June Term,

the property of the defendant, for the unpaid taxes assessed on them for the year 1872. The plaintiff also proved that the lands had been regularly assessed, and that the sale had been legally advertised, and all the other preliminary requirements of the law had been complied with. The court charged the jury, in effect, that the plaintiff was not entitled to recover; and this charge, to which the plaintiff excepted, is now assigned as error.

J. W. POSEY, for appellant.

S. J. CUMMING, contra.

B. F. SAFFOLD, J. — Does the certificate of purchase of real property, which the tax-collector is required to give, under section seventy-two of the revenue act of 1868, vest such title in the purchaser as will support ejectment brought by him, against the owner in possession, within two years from the date of the tax sale?

Section seventy-three of the act makes the certificate assignable by indorsement simply, with the effect of transferring to the assignee all the right and title of the original purchaser. Such a mode of conveying the title of land is not recognized by our law, either in judicial sales, or by the contract of the parties. R. C. §§ 1535, 1536, requires the conveyance to be attested by at least one witness, or acknowledged before a competent officer; and section 1589, in respect to mortgages, clothes the assignee or transferree of the money secured with the right of the mortgagee, only so far as to execute a power of sale, if such is given. *Graham & Rogers* v. *Newman*, 21 Ala. 497, decides that there must be a deed from the mortgagee to the assignee of the mortgaged premises, with suitable words to convey the property itself.

The revenue act of 1868 did not intend to alter the general law of the conveyance of real property. Its eighty-seventh section declares, that it is the deed of the probate judge, which "shall vest in the purchaser all the right, title, interest, and estate of the former owner, in and to the land conveyed." This deed is not to be made, until the usual time for redemption has elapsed, and it is to be acknowledged as other deeds of land. The eightieth section, authorizing redemption, requires no more of the owner than, within two years from the date of the sale, to deposit with the probate judge double the amount of the purchase-money, with ten per cent. *per annum* interest, the cost of the certificate of purchase, all subsequent taxes, and one dollar. The eighty-fourth section, which denies possession to the redeeming owner, until he pays to the pur-

[Jones v. Nelson's Executrix.]

chaser the value of improvements made by him, has its application in cases where the purchaser has obtained possession without suit. That "right, title, interest, and estate," which the tax deed divests out of the former owner, and vests in the purchaser, is the foundation of the recovery in ejectment.

The judgment is affirmed.