# Costley *v.* Allen.

*Bill in Equity for Injunction of Judgment at Law.*

1. *Sale of land for taxes; collector's certificate of purchase.*—A tax collector's certificate to the purchaser of land sold for unpaid taxes, under the 72d section of the revenue law of 1868, does not convey such title as will enable the purchaser to maintain ejectment against the tenant in possession, or recover the rents afterwards accruing; nor can the tenant, by attorning to him, deprive his landlord of the right to the rents.

2. *Injunction of confessed judgment, at suit of defendant's surety.*—A judgment, obtained by confession, in an action commenced by statutory attachment against the defendant's crop, in favor of a person claiming under a certificate of purchase at a tax collector's sale, is a fraud against the defendant's surety on the replevy bond, to whom the rents were rightfully paid as landlord; and it will be enjoined at his instance, when the defendant is insolvent.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 17th August, 1874, by David G. Allen, against Warrenton Costley and George P. Walker, to enjoin a judgment at law which the said Costley had obtained in the Circuit Court of said county, on the 17th April, 1874, against the said George P. Walker, and an execution issued on it against said David G. Allen as Walker's

surety on the replevy bond given in that case.   Said Walker
was in possession of lands during the year 1873, as the ten-
ant of J. R. Mitchell and M. C. Mitchell, to whom the lands
belonged.   In April, 1873, the lands were sold by the tax
collector for the unpaid taxes; Costley becoming the pur-
chaser, and receiving the tax collector's certificate.   On the
15th October, 1873, Costley transferred this certificate, by
written assignment, to said D. G. Allen, who had previously
obtained a judgment against said J. R. Mitchell, and who
redeemed the lands from Costley at the request of said J. R.
and M. C. Mitchell; and on the 22d October, 1873, they gave
Allen an order in writing, addressed to Walker, directing him
to pay the rents for the year to said Allen.   Costley also
claimed the rent for that year, and contended that he reserved
it when he assigned his certificate of purchase to Allen.
Walker refused to pay the rent to Allen, until the latter gave
him a bond, dated the 22d October, 1873, the condition of
which, after reciting the conflicting claims, was in these
words: "If the said Walker will deliver to said Allen the
rents due on said lands, then, and in that event, if the said
Costley establishes his claim to said rents, this bond is to
indemnify the said Walker from all loss by so delivering the
said rents to said Allen; but, if the said Costley fails to
establish his claim to said rents, then this instrument is to
be void."   The rents having been paid by Walker to Allen,
Costley brought suit against Walker on the 10th November,
1873, and sued out a statutory attachment against his crop;
which was replevied by said Walker, Allen becoming his
surety on the replevy bond.   At the ensuing April term, 1874,
Walker confessed judgment in the attachment suit; and the
replevied property not being delivered to the sheriff, the
bond was returned forfeited, and an execution was issued on
it against Allen, who then filed this bill to enjoin it; alleging
that he signed the bond as surety, on Walker's promise to
employ counsel and defend the suit, and that Walker was
insolvent.

Walker answered the bill, alleging that he had no interest
in the conflicting claims of Allen and Costley to the rents,
that he did not promise to defend Costley's attachment suit,
and that it was Allen's duty to have employed counsel to
defend it; and he demurred to the bill, for want of equity,
and because he was improperly joined as a defendant.   An
answer was filed by Costley also, alleging that, when he
assigned his certificate of purchase to Allen, he was assured
by Allen and his solicitor that he had a right to redeem the
land, as a judgment creditor of J. R. Mitchell; that he con-
fided in these representations, and allowed Allen to redeem

under the erroneous impression that they were true; and that he expressly reserved the right to the rents for the year 1873. He also demurred to the bill, for want of equity, and because "said *David G. Allen* is an improper party to said bill."

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, perpetually enjoining the execution and judgment as against him; and his decree is now assigned as error by both the defendants jointly.

James T. May, for appellants.

Wm. H. Denson, *contra*.

MANNING, J.—It was decided in *Hibbard v. Brown* (51 Ala. 469), that the tax collector's certificate to the purchaser of lands sold for unpaid taxes, given under the 72d section of the revenue act of 1868, does not convey such title as will enable the purchaser to maintain ejectment, within two years after the sale, against the owner remaining in possession. Judge Cooley, in his work on Taxation (p. 352–3), says of such a certificate : "No title passes, until the time allowed for redemption, if any, has expired; nor until the proper conveyance has been executed." This conveyance, under the revenue act of 1868, if the owner did not redeem, was to be made when the time for redemption had elapsed—two years after the sale. It follows that Costley, by his certificate of purchase at the tax sale of Mitchell's land, in 1873, did not thereby acquire a title upon which he had a right to enter, and dispossess Mitchell, or Mitchell's tenant, Walker, of the land; nor was Walker, the tenant, at liberty to attorn to Costley, and acknowledge him as his landlord, instead of Mitchell. Consequently, there was no foundation for the suit brought by Costley, as landlord, against Walker, or for the attachment of the crops made by the latter as tenant. The rent was due to Mitchell only, who might lawfully order it to be paid to Allen. Walker was doubtless uncertain to which of them he owed it. But he should have paid it to Allen; and he did so, after considerable persuasion, and upon receiving from Allen a bond, with sureties, to indemnify him against all loss for so paying it, that he might sustain if Costley should establish his claim to the rents. This was on the 22d of October, 1873.

November 10th, Costley sued out a writ of attachment, returnable into Chambers Circuit Court, and had it levied on Walker's crops; which suit had to be defended. After some days, the property was released, and redelivered to Walker,

[Costley v. Allen ]

upon his executing the usual replevy bond, in which Allen became his surety, upon Walker's promising to defend the suit, and employing a lawyer, Mr. Denson, to do so for him. That cause came up for trial at the spring term of the Circuit Court, 1874. In the meantime, Walker appears to have become persuaded that he was illtreated by Allen, because Allen did not take upon himself all the expense and trouble of defending this suit, which the indemnifying bond did not oblige him to do. Under these circumstances, and without communicating his purpose to his attorney, Denson, or to Allen, his surety, Walker arranged with Costley to confess a judgment in the cause, in his favor; and afterwards, against the remonstrances of Allen (who heard of his intention the day before), confessed the judgment accordingly: the consequence of which was, that upon the failure of Walker to deliver to the sheriff the replevied property, according to the condition of the replevy bond, an execution for the amount of the confessed judgment was issued, in favor of Costley, against Allen, as Walker's surety. To restrain this execution as to him, the bill in this cause was filed by Allen; and the chancellor decreed a perpetual injunction in his favor.

What benefit Walker could derive from confessing a judgment in favor of Costley, we can not see. As he was irresponsible, it seems to have done him, Walker, no harm. But it cast upon his surety, whom it was his duty to protect, a debt which he, the insolvent principal, did not owe; and this was inequitable. But it is said that Costley, the plaintiff in the action, is not responsible for this. Doubtless, he had been informed that it would be difficult, if not impossible, for him to obtain a judgment against Walker, otherwise than by confession. There was, in fact, no foundation for such a judgment. It is evident, also, that Costley knew of the illfeeling of Walker toward Allen, his surety on the replevy bond; and that taking advantage of it, Costley arranged with Walker, while in that mood, to confess judgment for a debt he did not owe, which Costley might thereby compel Allen, the surety, to pay to him. In other words, the two adverse parties to a suit, by collusion, or private arrangement with each other, use the court in which it is pending, to make it appropriate and transfer to one of them the money of a third person, who is a surety for the other, but not a party to the suit. A court of equity can not permit the consummation of such a scheme, and we think the chancellor did right in perpetually enjoining the execution against Allen, of the judgment thus obtained.

Allen, not being a party to the action of Costley against Walker, could not control the proceedings in it. It was only

[Sledge v. Scott.]

after the judgment was rendered, that he was put in a situation requiring relief; and a court of equity was the proper forum to be applied to for it. It has jurisdiction of cases of fraud; and "fraud, as understood and denounced in a court of equity, includes all acts, omissions, or concealments, involving the breach of a legal or equitable duty, trust, or confidence justly reposed, which are injurious to another, or by which an unconscientious advantage is taken of another."— *Kennedy v. Kennedy*, 2 Ala. 593; Brickell's Dig. 662, §§ 320–322. As Walker was a principal actor in the transaction complained of as fraudulent, it was not improper to make him a party. The trust violated was that of his surety in him.

Some other matters brought into this case are not material to its decision. The charge that Costley would not have assigned the certificate of purchase to Allen, but for the representation that Allen, as a judgment creditor of Mitchell, had a right to recover the land from him, is of this character. There was no application to the court for a rescission of the act of transfer, and no occasion for an investigation of the circumstances under which it was done.

Let the decree of the chancellor be affirmed.