EDWARD GABEL, Petitioner, *v.* LOUIS WILLIAMS, Defendant.

(County Court, Oneida County, January, 1904.)

Tax — In Utica the holder of a mere certificate of a city tax sale cannot maintain under the city charter a summary proceeding to dispossess an occupant of the lands sold — Tax sale void if the fees charged and included are illegal.

A purchaser of property in the city of Utica at a city tax sale cannot upon a city treasurer's certificate of sale maintain a summary proceeding, under section 55 of the city charter (as amended by L. 1901, ch. 577), to dispossess an occupant of the premises, the time for redemption from the sale having expired without redemption made, and the purchaser in order to maintain such a proceeding must first obtain a deed under section 57 of the charter as amended.

A sale for taxes, where the fees charged and included in the taxes are greater than those allowed by law, is void as the necessary effect is to make the owner pay an illegal tax to retain his property or redeem it.

The sale, being for an entire sum, cannot be good in part and bad in part.

THE above are the same parties as those in a proceeding formerly decided by the Oneida county judge and reported in 39 Misc. Rep. 489. That proceeding was taken under the Oneida County Tax Law for the summary removal of the defendant as tenant in possession of the premises in question by the purchaser at tax sale. This is a summary proceeding for the removal of the defendant, pursuant to section 55 of the charter of the city of Utica, and presents entirely different questions. Petitioner claims to be the owner of the premises described in the petition by reason of having purchased them at a city tax sale and having received a city treasurer's certificate of such purchase pursuant to said section 55. Defendant Williams is in possession of said premises as tenant of the owner.

M. E. Robinson, for petitioner.

Lee & Senior, for defendant.

DUNMORE, J. Defendant raises no question as to the regularity of the tax sale proceedings prior to the sale. But he contends that the purchaser is not entitled to possession, for the reason, among others, that he has not perfected his title to the premises by obtaining a deed, as provided in section 57 of the city charter. Section 55 of the city charter provides that the city treasurer shall issue a certificate to the purchaser, and that such purchaser may, upon receiving such certificate, "*by virtue thereof and of this act, lawfully hold and enjoy*" for his use and benefit forever the real estate described in such certificate, unless the same be redeemed as thereinafter provided. That he may, at any time after the time limited in section 56 of the charter for the redemption of such premises shall have expired, and the notice therein provided for been given, and said premises shall not have been redeemed as therein provided, obtain actual possession of the premises by summary proceedings in the same manner and before the same officers as in the case of a tenant holding over after the expiration of his term without permission of his landlord.

Section 56 of the charter provides for giving notice to redeem. Section 57 provides that if such real estate be not redeemed, as provided in said charter, the treasurer shall execute, acknowledge and deliver to the purchaser, including the city, its or his heirs, successors or assigns, a conveyance of the real estate so sold and not redeemed, which conveyance should vest in the grantee an absolute estate in fee simple, subject to all claims which the city, county or State might have thereon for taxes or other liens or incumbrances. It is urged on the part of the petitioner that the clause in section 55, authorizing the removal by the purchaser of the occupant of the property by summary proceedings, following immediately after the clause providing that the county treasurer shall execute and deliver to the purchaser a certificate of the tax sale and before the provision for the giving of a deed, indicates that the intent of the act was that the holder of the certificate of tax sale even before obtaining a deed should be entitled to maintain the summary proceeding upon the failure of the owner or other persons entitled thereto to redeem. If that were intended to be the meaning of the statute, why were the words " and of this act " inserted ? It seems to me if the statute contemplated that the purchaser should have the right to maintain the summary proceeding by virtue of the certificate of tax sale before obtaining a deed that the words " and of this act " are surplusage. It is to be assumed that those words were intended to have a meaning. One of the most familiar rules in the interpretation of statutes is that effect must be given, if possible, to all the language employed. People v. McGloin, 91 N. Y. 241, 250; People ex rel. Freligh v. Matsell, 94 id. 179, 183.

The most natural meaning which can be given to those words, in my judgment, is: " and upon perfecting his title as provided in this act."

The certificate of tax sale has not been regarded as passing title to the land, but is simply evidence that the holder has the right to acquire a title by deed, or to receive the money necessary to redemption. Flemister v. Flemister, 83 Ga. 79; Rice v. White, 8 Ohio, 216; Dolph v. Barney, 5 Oreg. 191.

In Alabama, it has been held that the certificate does not

convey such title as to enable the purchaser to maintain eject-
ment. Hibbard v. Brown, 51 Ala. 469. It is also insufficient
to enable the purchaser to recover rents. Cortley v. Allen, 56
Ala. 198.

The certificate does not, upon its face, purport to convey
a title, but certifies that if the property is not redeemed in
accordance with section 56 of the city charter, the purchaser
*will be entitled to a deed.* To ascertain the meaning the entire
act must be construed together. Every part of it must be
viewed in connection with the whole so as to make all its parts
harmonize if practicable, and give a sensible and intelligent
effect to each. People ex rel. Gilmour v. Hyde, 89 N. Y.
11, 18.

All its provisions must be taken into consideration, and
not any separate section, or part of a section alone.. People
ex rel. Starkweather v. Gaul, 44 Barb. 98, 103.

If the certificate is to be given the full force of a deed, no
office is left for the deed to perform, and it seems to me the
provision in section 57 for the giving of a deed is unnecessary.
Furthermore a certificate is given at each tax sale so that sev-
eral certificates of city tax sales and several certificates of
county tax sales may be outstanding at the same time. Are
all entitled to maintain summary proceedings; if not, which
one?

It seems to me that giving the effect to the certificate con-
tended for by petitioner would lead to a great deal of difficulty
and endless litigation. I am, therefore, of the opinion that
petitioner must perfect his title by getting a deed before he
can maintain this proceeding.

Another objection to petitioner's proceedings is that the
fees added to the amount of the tax and for which the prop-
erty was sold were more than were allowed by law. Section
53 of the city charter provides that the city treasurer shall
charge for the benefit of the city the sum of five per cent. on
each dollar of the tax or assessment returned by the collector,
and one per cent. per month thereafter for each month the
same shall remain unpaid from the time of such return to the
payment thereof. Section 54 of said charter provides that
said treasurer shall charge the further sum of two dollars for

the expenses of printing and publication. I find no authority
for any other charge against the property up to the time of
the sale. The property in question was sold October 30,

| | | |
|---|---|---|
| 1901, for .......................... | | $39 38 |
| The original tax was .............. | $27 16 | |
| Five per cent. thereon ............. | 1 36 | |
| One per cent. per month thereon from March 19, 1900, the date of collector's return, to October 30, 1901, the date of sale .................... | 5 26 | |
| Fee for advertising ............... | 2 00 | |
| | | 35 78 |
| Overcharge ............................ | | $3 60 |

The amount of the overcharge is not of so much importance
as is the principle involved. If the city officials can over-
charge three dollars and sixty cents, the same rule would
permit ten times that amount. Section 56 of the charter
provides that the owner must pay the sum mentioned in the
certificate in order to redeem his property. That is, the
owner must pay the sum for which the property was sold,
whether the amount was excessive or not, in order to redeem
his property. The law directing the sale of property for non-
payment of taxes is in its nature a penal statute. The sale is
the penalty for nonpayment. It must, therefore, be strictly
followed.

As was said by the Court of Appeals in People v. Haga-
dorn, 104 N. Y. 524, " The necessary effect  *   *   *  is,
therefore, to make the payment of an illegal tax, the condition
of the owner's right to retain his property, and subject him,
contrary to the meaning and spirit of the statute, to the pay-
ment of an unjust and illegal exaction, as the price of his
legal right to redeem his property.  *   * . *  The sale be-
ing for an entire sum, it cannot be legal beyond the amount
for which the comptroller (in this case the city treasurer)
was legally authorized to sell the land. There can be no divi-
sion of the sum payable, and no separation which can validate

a part and reject the rest. It is either wholly bad or altogether good." Turner v. Boyce, 11 Misc. Rep. 506; Clason v. Baldwin, 152 N. Y. 204.

Without examining other questions discussed by the counsel I am of the opinion that the petitioner is not entitled to the relief asked for and that the proceedings should be dismissed with costs.

Proceedings dismissed, with costs.