GRANT vs. KUGLAR.

81 637
130 468

Where a stream flows through two adjoining tracts of land, the property of different owners, and in the bed of the stream on the upper tract there was a natural ledge of rock which retarded the flow of the water so as to protect the lower tract from overflow, the proprietor of the upper tract had no right to remove such ledge of rock and thereby so vary the natural flow of the stream as to occasion damage to the lower tract by causing water and sand to overspread portions of the same which but for the alteration would not be so affected. And this is true, although there be no damage at the point where the stream enters the lower tract, but only farther down.

January 9, 1889.

Water and water-courses. Torts. Damages. Before Judge BOYNTON. Henry superior court. April term 1888.

B. W. Grant sued L. A. Kuglar, alleging as follows: Grant owned certain land, and Kuglar owned an adjoining tract. A stream of water flowed through both tracts, Kuglar's land being higher up the stream than Grant's. On Kuglar's land was a considerable fall, and in the bed of the stream a natural ledge of rock, which obstructed the stream and formed a complete protection to Grant's land from overflow of water and sand. In the latter part of 1883, and early in 1884, Kuglar caused the ledge to be blasted away from the bed of the

stream; and immediately afterwards the water flowed over Grant's land in such quantities and with such force as to cause it to leave its natural channel, and to so overflow the whole of Grant's land with water and sand that it was rendered worthless for any purpose, and has been worthless ever since; by reason of which Grant has lost the crops of the land for 1884 and 1885, of the value of $300 per year, for which he brings suit, alleging that the interference with the bed of the stream by Kuglar was illegal and wrongful, etc.

This declaration was demurred to on the ground that it set forth no sufficient cause of action. The plaintiff, by amendment, made the following additional allegations: By removing the rock from the bed of the stream, Kuglar changed the channel materially, lowering the bed of the stream seven or eight feet, and also changing the direction of the water, causing it to flow in a channel through the rock about twenty feet left of the original channel, and the water was forced into a smaller stream and caused to flow more swiftly and forcibly through the channel, which caused the water and sand to overflow plaintiff's land and damage it as alleged. By reason of this diversion of the stream, the channel of the water on plaintiff's land was thereby changed, to take other and different courses over plaintiff's land, to the damage of plaintiff as aforesaid; and the changing of the channel by Kuglar was not at all necessary for the purpose of draining or in any way improving his own land; and it was done wilfully and maliciously, and for the sole purpose of injuring plaintiff's land.

To the declaration as amended, the demurrer was renewed, and was sustained, plaintiff's counsel stating that they could not and did not mean to state that the bed of the stream was changed at the point where it

entered the land of the plaintiff from that of the defendant. To the judgment sustaining the demurrer, the plaintiff excepted.

J. H. TURNER, E. J. REAGAN and W. A. BROWN, for plaintiff.

BIGBY & DORSEY and J. T. SPENCE, for defendant.

BLECKLEY, Chief Justice.

The principle upon which we rule this case is, that water having a time relation, as well as a space relation, both of them being fixed by nature, there is no more right in an adjacent proprietor to alter the one than the other. If the time relation of the stream is so altered that the effect of the water upon the lower tract is injuriously different from what it was by the natural flow of the stream, then a wrong has been done to the proprietor of the lower tract. We think that the owner of water has no more right artificially to project it forward on another man's land, than he has to push it back upon land in his rear; and if by so doing he causes damage, he ought to answer for it. There may be difficulty in ascertaining from the declaration in this case how the alleged injury could occur consistently with physical laws, but if it be true, as averred, that a causal connection exists between the removal of the ledge of rock and the damage to the lower tract, we can see no legal obstacle to a recovery; and we think the court erred in dismissing the declaration upon demurrer.

It is not easy to find any instance in point, but we think the principle is recognized in certain authorities we have examined, most of them cited in Angell on Water-Courses, §§95a, 96, 108e, 108k, and 335. Nothing in our code militates against the view we have pre-

sented.    We think the code, §§2327, 2331, 2332, 3018, makes no substantial change in the common law rights of land-owners, with respect to ditching out and protecting their property; and such in effect was the view of the act of 1856 taken by this court in *Persons vs. Hill*, 33 *Ga. Supplement*, 141.

Judgment reversed.