MURRAY *v.* THE CENTRAL RAILROAD AND BANKING CO.

There was no error in granting a first new trial in this case.

August 1, 1892.                                        *Judgment affirmed.*

New trial.  Before Judge MARTIN.  Houston superior court.  October term, 1891.

Murray sued the railroad company in an action for damages, alleged to have been caused by the negligent throwing out of sparks from its engine, which set fire to stubble land adjacent to his woodland and which fire spread to the woodland.  He alleged that by this fire much of the growing timber on the land was destroyed, fencing was burned and leaves and litter upon the land were destroyed, giving in his declaration separate estimates of damage as to the timber, fencing, leaves and litter.  He also alleged that the defendant so negligently kept this road that it allowed stubble and other litter, easily ignited, to remain upon its right of way, and by its negligence allowed the litter to be set on fire, which was communicated to his land.  He obtained a verdict for $1,428.  Defendant's motion for new trial was granted generally, and plaintiff excepted.

The motion contains the general grounds, and alleges that the damages are excessive.  Also, that the court erred in charging: "In estimating the amount of damages the plaintiff sustained on account of this fire, in case the jury should be satisfied that the fire originated from the negligence of the defendant, you will look to all the testimony and find out what that was.  It is claimed upon the part of the plaintiff that he was damaged by having his fence destroyed.  Now look to the testimony and see how much was destroyed, and its value as it stood upon the land before it was burned; whatever you find that to be, it would be the proper element of damages in this case.  It is claimed further,

that he was damaged by the destruction of his timber.
Now look to the testimony upon that question, and see
whether or not that is true; if it was, how much was
the value of the timber upon the land as it stood, would
be what he would be entitled to recover; not what
might be converted into wood by labor expended upon
it afterwards, but as it stood upon the ground." It
was alleged that this was error: because there was no
evidence showing how much timber had been destroyed,
or what was the value of the timber that was actually
destroyed as it stood upon the ground; because that was
not a true test of the damage sustained by the plaintiff
in consequence of the fire, conceding that plaintiff had
shown the amount of trees destroyed and their value,
for the trees were a part of the land, and if their de-
struction did not injure or depreciate the value of the
land, plaintiff was not injured in consequence; and
because the court erred in charging that the same was
true as to any trash that was upon the land, for that
was a part of the land, and if the land itself was not
injured because of the destruction of the trash, then
plaintiff was not damaged in consequence. The court
should have charged, and erred in not doing so, that the
damage to plaintiff, if he had sustained any, was the
difference in the value of the land before and after
the fire, that is, how much less was the land worth
after the fire than before, having reference to the injuries
done by the fire. The fact that some of the witnesses
testified that the injury done to the land, by the injury
to the trees and burning of the trash and fences, was
from three to four dollars an acre, does not change the
rule; that evidence was illegal, and a verdict built upon
it would be illegal.

HARDEMAN, DAVIS & TURNER, for plaintiff.
R. F. LYON, for defendant.