LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.* v. KOHLRUSS.

EVANS, J. The measure of damages for the negligent firing and destruction of the fencing and ornamental trees on the plaintiff's land by the railroad company in the operation of its train was the diminution in value of the premises resulting from the injury caused by such firing. The charge of the court could not have been reasonably misunderstood

by the jury as presenting a different rule. The evidence fully supported the verdict.                *Judgment affirmed. All the Justices concur.*

Submitted October 10,—Decided November 13, 1905.

Action for damages.  Before Judge Hammond.  Columbia superior court.  April 17, 1905.

The suit was on account of injury sustained by the plaintiff from fire thrown from a locomotive, whereby his trees and fence were burned.  The verdict was in his favor for $110, and the defendant excepted to the refusal of a new trial.

Upon the measure of damages the court charged the jury:  "If the evidence shows that the trees were ornamental trees and were situated in an enclosed park and planted there for park purposes only, the jury may take into consideration the value of the trees for the purposes intended, and how much the premises have been damaged by their destruction; that is, how much the park, as a park, has been damaged by the loss of the trees.  You are not confined to the actual value of the trees for timber or fuel, but may go further and say how much the premises have been diminished in value as a park.  As to fencing that may have been injured or destroyed by fire, I charge you that the plaintiff can recover only the value of the fencing, which would be the cost of restoring it and making its condition as good as that in which it was when it was injured or destroyed.  If you find that the railroad is liable, the question for your determination is, what was the value of the premises to Mr. Kohlruss before the fire occurred, and how much has the value of the premises been diminished since the fire occurred?"  Error was assigned on the last sentence of this charge, on the ground that the true measure of damages was the diminution in the market value, and not the value to Mr. Kohlruss.

*Joseph B. & Bryan Cumming, G. M. Beasley,* and *P. B. Johnson,* for plaintiff in error.  *Henry C. Roney,* contra.