### 8488. CITY OF ATLANTA *v.* SWINEY.

GEORGE, J. 1. The alleged error in allowing the amendment to the petition is not presented by exceptions pendente lite, or by direct exception timely made, and can not be considered.

2. An assignment of error on the overruling of a motion for a nonsuit will not be considered, if the case proceeds to verdict, and if the defendant excepts to the overruling of a motion for a new trial, based upon the general grounds.

3. It is not error for a judge to refuse to direct a verdict.

4. Where an act of officers and agents of a municipal corporation is within the corporate power and may lawfully be accomplished if the municipal authorities proceed according to law, the corporation will be liable for the consequences if they proceed contrary to law or in an irregular manner. If the authorities of a city are clothed with the power to grade its streets, and without authority of law they take soil from the private property of a citizen and use it in grading the streets, the city will be liable for the trespass. *Langley* v. *Augusta,* 118 *Ga.* 590 (4, 5, 6) (45 S. E. 486, 98 Am. St. R. 133).

5. Where soil is wrongfully taken and removed from land, the owner may waive his right of action for trespass to the realty and recover for the soil severed and taken away; or he may recover for the diminished market value of the land. He can not recover both the market value of the soil severed and removed and the amount of the diminution of market value of the land. The charge of the court to which exception was taken authorized the recovery of double damages. A new trial will therefore be ordered.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED JUNE 29, 1917.

Action for damages; from city court of Atlanta—Judge Reid. January 13, 1917.

*J. L. Mayson, S. D. Hewlett,* for plaintiff in error.

*George B. Rush,* contra.