18988. POWELL *v.* HARRIS *et al.*

STEPHENS, J. 1. Where a deed of conveyance describes the land conveyed as "forty-five (45) acres of land off of the southwest corner of lot of land No. 202, lying and being in the 11th district of [Terrell] county, with three (3) acres in the southwest corner of said lot of land, excepted as church, and school privileges, so long as the same

is used as such," the "three (3) acres in the southwest corner of said lot of land" (referring to "lot of land No. 202") is necessarily a part of the "forty-five (45) acres of land off of the southwest corner of lot of land No. 202." The title passes to the entire forty-five acres, in which are included the three acres, with a reservation from the operation of the deed of the use of the three acres for church and school purposes.

2. In the absence of a special agreement otherwise, any buildings placed upon the land of another, although by a person entitled to the use of the land, become part of the realty, and the title to the buildings becomes vested in the owner of the land.

3. A bona fide purchaser of land who, by the terms of the deed, acquires title to the land subject only to the right of another to the mere use of the land for church and school purposes, acquires a title unencumbered with the additional reservation that the person entitled to the use of the land is also entitled to the absolute ownership of all buildings on the land, with a right to remove the buildings, where the purchaser has no notice, either actual or constructive, of the existence of this additional reservation.

4. In a suit by the grantee in such a deed, to recover damages for an alleged trespass upon the land, against persons who, it was alleged, entered upon the land and removed the schoolhouse therefrom, it was error to admit in evidence, over objection interposed by the plaintiff, a deed the grantor in which does not appear from the evidence to have been in any way connected with the title to the land, derived either from the plaintiff or from a predecessor in title to the plaintiff, and whose grantees were the trustees of a named church and were persons other than the defendants, and which deed conveyed to the grantees therein the right to the use of the land for church and school purposes, where the objection urged to the admission of the deed was that it gave "no authority to the [defendants] to enter upon the land and remove any property" therefrom, "they [meaning the defendants] having no connection with the title in question," it not appearing that there was any evidence otherwise connecting the defendants with the grantees in this deed and connecting the grantor therein with a title derived either from the plaintiff or from the plaintiff's predecessor in title.

5. In a suit by the grantee under the deed conveying the forty-five acres, to recover damages for an alleged trespass upon the land, against persons who, it was alleged, entered upon the land and removed a schoolhouse therefrom, where it appeared from uncontradicted evidence that only one of the defendants, namely J. C. Whaley, had entered upon the premises and removed the schoolhouse, that he had bought the schoolhouse from the board of education of the county, which included the other defendants, and that these other defendants had nothing to do with the transaction except to sell the schoolhouse to J. C. Whaley, the court properly directed a verdict as to all the defendants except J. C. Whaley.

6. Under the ruling here made, the plaintiff had title to the three acres of land and the schoolhouse which was located thereon, and therefore

was entitled to recover damages for a trespass on the property. *Ault.* v. *Meager*, 112 *Ga.* 148 (37 S. E. 185). There being evidence from which the jury could infer the amount of damages sustained by the plaintiff as a result of the alleged trespass by J. C. Whaley in removing the schoolhouse from the land, the evidence was sufficient to have authorized a verdict for the plaintiff against J. C. Whaley.

7. The court erred in admitting in evidence the deed referred to in paragraph 4 above, and in thereafter directing a verdict for J. C. Whaley.

*Judgment reversed as to the defendant J. C. Whaley; affirmed as to the other defendants. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 20, 1929. REHEARING DENIED MARCH 2, 1929.

*H. A. Wilkinson,* for plaintiff. *R. R. Jones,* for defendants.