## JOHNSON *v.* PHŒNIX MUTUAL LIFE INSURANCE CO.

No. 10376. FEBRUARY 28, 1935.

*P. M. Mosley* and *W. B. Kent,* for plaintiff.

*Williams & Freeman* and *L. C. Underwood,* for defendant.

ATKINSON, Justice. The action was brought in ejectment. The exception is to a judgment overruling the plaintiff's motion for a new trial, based on the general grounds and several special grounds. One ground of the motion complains of the rejection from evidence of "the return of the processioners, the petition and the entire record, . . a copy of which is hereto attached marked Exhibit B." Exhibit B shows an application by the plaintiff, addressed to the ordinary, for appointment of processioners, followed by a statement purporting to be a certificate by the ordinary that it was a correct copy, which statement did not show a signature of the ordinary; also a paper purporting to be a "notice to adjoining landowners," signed by three persons as "commissioners;" also a paper purporting to be an "affidavit of service;" and a paper purporting to be a "return of processioners," signed by the same three persons as "commissioners." This paper contained the statement that on a named date the commissioners with the county surveyor "did proceed to trace and mark anew said disputed lines, and as our findings and return we hereto attach a plat made by said surveyor and duly certified, which properly represents the service made and the lines traced and marked anew by us and said surveyor." The plat is not included in exhibit B attached to the motion for a new trial, but immediately following the paper last mentioned is the statement: "The two plats are attached to brief of evidence on pages 12 and 13, especially the J. R. Carr plat as made by said J. R. Carr was attached to above return, and same was introduced in evidence by plaintiff. See original and approved brief of evidence on pages 12 and 13 for correct copies of them—they both being recorded as clerk's certificate shows." The return of the commissioners does not show the location of the lines which they traced and marked anew, except by reference to the plat attached to their return. As the "exhibit B" to the motion for a new trial fails to show the plat, and the plat is not elsewhere set forth literally or in substance in the ground of the motion for a new trial which is now being considered, and which should be complete within itself without resort

to the brief of evidence, this ground is incomplete, and the assignment of error based thereon is too indefinite to present any question for decision by this court.

Each of the remaining special grounds of the motion for new trial is merely elaborative of the general grounds, or complains of the direction of the verdict as being unauthorized, because there were issues of fact that should have been submitted to the jury. The plaintiff sought to recover a tract of land containing one hundred and forty-seven acres. The defendants entered a disclaimer of title to the land, except a described portion thereof consisting of twenty acres bordering on and lying immediately west of the Mount Vernon and Bell Ferry road. In an amendment to the answer one of the defendants set up a claim of title to the twenty acres in question, by prescription based on adverse possession under color of title for more than seven years. This claim of prescriptive title was sustained by the uncontradicted evidence, and a verdict for the defendant was demanded. In these circumstances the judge did not err in directing the verdict for the defendant. There was no error in refusing a new trial. *Judgment affirmed. All the Justices concur.*