28982.  SOUTHERN RAILWAY COMPANY *v.* BIRCH.

DECIDED OCTOBER 6, 1941.  REHEARING DENIED NOVEMBER 28, 1941.

*Harris, Harris, Russell & Weaver, John J. McCreary,* for plaintiff in error.

*Edward F. Taylor,* contra.

GARDNER, J.  Mrs. Ethel Birch brought an action for damages against the Southern Railway Company in three counts.  In each count she alleged similar acts of negligence.  Substantially, those acts were alleged to be that the railroad allowed sparks to escape from its engine, by negligence both in the equipment and in the operations of its engine; that the railroad negligently allowed grasses, weeds, and other inflammable materials to accumulate on its right of way adjacent to the plaintiff's lands, where the fire,

however caused by the railroad, could spread to her lands; and that the railroad, however the fire may have been caused by it, nevertheless negligently allowed it to spread to her lands.

In the first count the plaintiff alleged that the fire burned over five acres of pasture land, destroying clover, Lespedeza, Bermuda, and other grasses, with seeding, the damage amounting to $15 per acre, or a total of $75; burned two cords of wood cut and stacked on the property, value $2.50 per cord, or a total of $5; burned twenty-five fence posts, value twenty cents each, or a total of $5; and burned certain young pine and other trees, the damage amounting to $15. The total of the damages alleged under this count was $100. The jury returned a verdict for $100. In the second count the plaintiff alleged that the fire burned over twenty acres of pasture land, causing damage to clover, Lespedeza, Bermuda, and other grasses, and seeding, of $15 per acre, or a total of $300; burned thirty-three fence posts, value twenty cents each, or a total of $6.60, and that $5 would be required as expense of replacing the fence; and burned young pine and other trees growing on five acres of this tract, the damage amounting to $15. The total of the damages alleged under this count was $326.60. The jury returned a verdict for $226.60. In the third count the damage alleged was $10, the value of one ton of hay cut and stacked on the lands and burned on the occasion set out in this count. The jury returned a verdict of $7.50.

The properties damaged or destroyed are of two classifications—first, the ton of hay and the two cords of wood, which had no relation to the lands save that they were stacked thereon; and second, the pasture grasses, the young trees, and the fence posts (with costs of replacing) which had relation to the lands, either by growing on them or by attachment to them. The assignments of error are to the following excerpts from the charge: "In all cases, necessary expenses consequent upon the injury done are a legitimate item in the estimation of damages. Damages may be either general or special, direct or consequential. In this case the plaintiff sues only for special damages. Special damages are such as actually flowed from the act and must be proved in order to be recovered." "If plaintiff is entitled to recover she is entitled to recover the market value of property destroyed by the defendant's negligence." "If the plaintiff is entitled to recover for property damaged but not

destroyed, the measure of recovery is the difference between the market value of the property before the fire and its market value after the fire, if it was damaged by fire." The court also charged the jury, to which no exceptions are taken, that "Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money." We have quoted this last excerpt as having a proper bearing, not only on the excerpts previously quoted, but on any other charge which should have been given. These assignments of error are, in part, meritorious, but under the facts of this case we do not think the errors require a reversal. The remaining assignments are without merit.

. As to the first classification of property, the ton of hay and the two cords of wood, the court should have charged specifically as to them that the measure of damages was their market value at the time they were destroyed. As to the second classification of property, the pasture grasses, the young trees, and the fence posts, the court must look to the cause of action as laid. If recovery be sought on the allegations of injury to the lands, then the measure of damages would be "the diminution in the value of the premises resulting from the injury caused by such firing;" and the question for the jury's determination would be "what was the value of the premises" to the plaintiff "before the fire occurred, and how much has the value of the premises been diminished since the fire occurred." But in this connection the measure of damages to fencing, even in its relation to the diminution in the value of the lands (*Louisville & Nashville Railroad Co.* v. *Kohlruss,* 124 *Ga.* 250, 52 S. E. 166), would be that "the plaintiff can recover only the value of the fencing, which would be the cost of restoring it and making its condition as good as that in which it was when it was injured or destroyed." Id.; *Powell* v. *Blackstock,* 64 *Ga. App.* 442 (13 S. E. 2d, 503). When the plaintiff lays the cause of action as for diminution in the value of the land, all evidence of the amounts of injury done to trees, pasture grasses, etc., must relate to this diminution, if any, in the value of the lands after the burning compared to that before the burning, and can not show damages in specifics separate and apart from that ingredient of the cause. In *Murray* v. *Central Railroad & Banking Co.,* 90 *Ga.* 83, 84 (15 S. E. 645), the court held: "The fact that some of the wit-

nesses testified that the injury done to the land, by the injury to the trees and burning of the trash and fences, was from three to four dollars an acre, does not change the rule; that evidence was illegal, and a verdict built upon it would be illegal."

It is conceivable, however, that there might be burnings over lands when there would result no damage measured in diminution of their values (*Central Railroad & Banking Co.* v. *Murray,* 93 *Ga.* 256, supra), and the *sole* cause of action would be for injury or destruction of the specifics growing on the lands. And even though there be damage to the land by diminution of its value, we know of no reason why the plaintiff must be restricted to that cause of action alone and could not plead the cause as for injury or destruction of the specifics. In the instant case the cause of action was so laid for specifics. Accordingly, the court should have charged that as to the young and immature timber destroyed the measure of damages "is the value of the timber destroyed in its then state as attached to the land on which it grew, which value is to be ascertained by evidence as to what the owner of the premises could, under all the circumstances, have realized from the timber destroyed, by appropriating it to use himself, to the extent of any demand for it made by his own wants at and about the time of the fire, and by selling it to others to the extent of any demand for it which then existed; the value to be reckoned at the worth of the timber as it stood upon the land when it was destroyed, not computing anything additional thereto for the increase which would have resulted from severing it from the realty, removing it to the place of use or sale, and putting it in condition to be used or sold" *(Central Railroad & Banking Co.* v. *Murray,* supra) ; and that the measure, if the timber be only *injured* is "on the same basis, to the extent of the difference between its value as it was before the fire and as the fire left it." *Central Railroad & Banking Co.* v. *Murray,* supra. As to the pasture grasses and the seed described in the instant case, the measure of recovery was the same as that set out in *Central Railroad & Banking Co.* v. *Murray,* supra, for the burning of leaves and trash, where the court held that "there could be a recovery to the extent that the owner could have used or disposed of the same in supplying any demand then existing or near at hand, the measure being the value of the raw material as it lay [grew] on the ground, not including the quantity to be paid

for any of the material which could not have been used or sold to supply the demand then existing or which arose soon thereafter."

"For fencing injured or destroyed, the recovery should be measured by the cost of restoring it and making its condition as good as that in which it was when injured or destroyed." *Central Railroad & Banking Co.* v. *Murray,* supra. This measure in the instant case should have been so charged.

In the light of the rules of law which the court should have charged we have carefully examined the evidence, and, having resolved all conflicts in favor of the verdict (*Western & Atlantic Railroad* v. *Mathis,* 63 *Ga. App.* 172, 10 S. E. 2d, 457), have concluded that while a verdict would not have been demanded had the court correctly charged, the verdict would have been authorized to the extent of the recovery. Further, since the remaining assignments of error are adjudged to be without merit, and since the jury found against the defendant on the existence of negligence, we look to the character of the evidence, whether it does not do more than "authorize" the verdict. In the light of the charges to the jury as herein indicated as correct we think the evidence does go, not only to authorize but to substantiate the verdict *as returned,* as being the proper finding on the quantum of damages for the negligent injury or destruction of the proved specifics. Correct instructions to the jury, as indicated, would not move the jury we think, *under the facts of this case,* to a different verdict on another trial, but to the same verdict, with difference, if any, of degree only in the quantum of the return. So, notwithstanding the incorrect instructions, the verdict was clearly supported by the evidence (*Luke* v. *Mayo,* 18 *Ga. App.* 614 (2), 89 S. E. 1090) and we do not feel that substantial justice requires a reversal, on a question of a probable verdict being returned in favor of the plaintiff in a lesser sum, when the probabilities are strongly against such lesser return, especially since the cause has been tried three times, and a verdict returned each time in favor of the plaintiff. *In this case,* "the verdict . . being right under the evidence contained in the record, we will not reverse the judgment in refusing to grant a new trial." *Stix* v. *Pump,* 36 *Ga.* 526, 531.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*