32446.   BURDEN *v.* WOODRUFF.

SUTTON, C. J.   Warner Woodruff sued C. S. Burden Jr., in Troup Superior Court, for $1500 damages to a described lot of land located in Hogansville, Georgia, and owned by the plaintiff. It was alleged that the plaintiff had improved his lot by planting fruit trees, grape vines, shrubbery, and grass thereon; that the defendant drove bulldozers across said property, causing deep gullies and washouts, and dumped trees, rocks, and other debris on his lot and tore down and crushed all of the improve-

ments that he had made on said lot; that the described lot was reasonably worth $1500 before the alleged injuries thereto were committed; and that it was absolutely worthless thereafter. The case was tried and the jury returned a verdict for the plaintiff for $500. The defendant's motion for a new trial was overruled and he excepted.

1. The case is here on the general grounds of the motion, it being contended by the plaintiff in error that the verdict was not authorized by the evidence. There was evidence by the plaintiff and two or three other witnesses to the effect that the defendant pulled up the trees on the lot adjoining the one here involved, with a bulldozer, and dragged the trees and stumps onto the plaintiff's lot with the bulldozer, cutting trenches and holes in said lot and tearing down and destroying his fruit trees, shrubbery, grass, and terraces, and leaving the trees and debris on said lot. The plaintiff testified that the value of his lot before the injury thereto by the defendant was $1500 and its value was one-half or 50% of that amount after the injury. G. L. Norris testified that the reasonable value of the lot was from $1000 to $1100 before the injury and that the damage done to this lot by the defendant was about half the value of it. Another witness testified that the reasonable value of the lot before the injury was $1200. No evidence was introduced by the defendant at the trial. The measure of damages in this kind of action is the diminution in the market value of the land involved, that is, the difference between the market value of the land before and after the injury. We think that the verdict for $500 is amply authorized by the evidence.

2. The trial judge did not err in overruling the defendant's motion for a new trial. *Judgment affirmed. Felton and Parker, JJ., concur.*

DECIDED APRIL 29, 1949.

*Duke Davis*, for plaintiff in error.
*Raymond W. Martin*, contra.