ROGERS *v.* WESTERN & ATLANTIC RAILROAD; *et vice versa.*

HEAD, Justice. 1. The plaintiff's general demurrers to the answer and cross-action of the defendant for damages were properly overruled.

(*a*) All actions for damages to realty shall be brought within four years after the right of action accrues. Code, § 3-1001. An action for damages is not barred under the above rule where a dam, or other instrumentality causing the damages, may have been in existence for many years with the knowledge of the person damaged; provided the damages sought to be recovered shall have accrued within four years from the filing of the complaint. *Athens Manufacturing Co.* v. *Rucker,* 80 *Ga.* 291 (4 S. E. 885); *Southern Railway Co.* v. *Morris,* 119 *Ga.* 234 (46 S. E. 85); *Goble* v. *Louisville & Nashville R. Co.,* 187 *Ga.* 243 (200 S. E. 259).

2. Special demurrers must be free from defect and, where the grounds of a special demurrer are confusing and uncertain, it is properly overruled. Special demurrers to parts of pleadings as mere conclusions are properly overruled where the pleaded facts support the conclusions attacked. *Marietta Realty & Development Co.* v. *Reynolds,* 189 *Ga.* 147 (5 S. E. 2d, 347); *Wellborn* v. *Johnson,* 204 *Ga.* 389 (50 S. E. 2d, 16).

3. Grounds of an amended motion for new trial must be complete and understandable without reference to the pleadings or the charge of the court. *Johnson* v. *Phoenix Mutual Life Ins. Co.,* 180 *Ga.* 422 (179 S. E. 95). Under the foregoing rule, ground 3 of the plaintiff's amended motion for new trial presents no question for determination by this court.

4. The jury, having viewed the premises by consent of the parties, were in a better position to form an opinion as to the damages alleged than is this court from the reported evidence alone. *City of Atlanta* v. *Milam,* 95 *Ga.* 135, 137 (22 S. E. 43). The verdict of the jury, therefore, was not without evidence to support it.

5. The allegations of the cross-action were insufficient to show that the dam and lake of the plaintiff amounted to a public nuisance. If a private nuisance was alleged, it could be abated in the manner provided by law. The court did not err in striking the prayers of the cross-action seeking to have the plaintiff's dam and lake abated as a nuisance.

*Judgment affirmed on both the main bill and cross-bill of exceptions. All the Justices concur, except Atkinson, P. J., not participating.*

Nos. 18014, 18015. ARGUED NOVEMBER 12, 1952—DECIDED JANUARY 12, 1953.

*Gordon M. Combs, Woodrow W. Tucker* and *John R. Burress,* for plaintiff in error.

*Sam J. Welsch* and *Walton Whitwell,* contra.