23814. FIRST KINGSTON CORPORATION et al.

v. THOMPSON.

DUCKWORTH, Chief Justice. This is an action by a lower riparian owner of a small lake located on a small stream against certain defendants, one of whom purchased the upper watershed area of the lake. The petition as amended alleges numerous acts of negligence in the development of the watershed area into a subdivision of homes by clearing trees and denuding the area, grading streets, improper installation of drainage devices, improper installation of septic tanks and sewage fields, moving the stream bed flowing across the properties; all of which causes a more rapid run-off of surface waters, contamination from raw sewage, flooding, pollution and contamination of the lake by mud, silt and sewage waters which is a continuous trespass upon plaintiff's property, practically destroying the lake for the purpose for which it was created as a source of beauty and as a fishing area; all resulting from the numerous acts of negligence of the defendants in failing to promptly install measures to prevent the increased run-off of water over and above the natural flow of the water before their activities began. It also alleges trespass upon plaintiff's property by the cutting, knocking down and uprooting of trees in an attempt to correct the situation; that the corporate defendant is insolvent, and all the defendants are now liquidating their assets, and it will require certain expenses to remedy certain damages already occurred; and the prayers are for a money judgment and for temporary and permanent injunction to prevent the continuing trespass. The petition was amended several times, both upon order of the court after hearings on demurrers and otherwise, and the error enumerated is

that the court failed to sustain the general demurrers since the petition as finally amended does not set forth a cause of action against the defendants for legal or equitable relief. *Held:*

The general rule that one land proprietor has no right to concentrate, collect, and discharge surface water by artificial means upon a lower proprietor in a manner different from that in which the water would be received by the lower estate applies in this case, and the allegations of the numerous acts of negligence, continuing trespass and nuisance set out a cause of action for some of the relief sought, hence, the petition, as finally amended, is not subject to the general demurers filed jointly by all of the defendants. *Code* §§ 85-1301, 105-1407; *Goldsmith v. Elsas, May & Co.,* 53 Ga. 186; *Town of Rentz v. Roach,* 154 Ga. 491 (115 SE 94); *Cox v. Martin,* 207 Ga. 442 (62 SE2d 164); *Rinzler v. Folsom,* 209 Ga. 549 (74 SE2d 661); *Vickers v. City of Fitzgerald,* 216 Ga. 476 (117 SE2d 316).

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 14, 1966—DECIDED JANUARY 6, 1967.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellants.

*George G. Finch, Standish Thompson, Fletcher Thompson,* for appellee.