47936. SOUTHERN MUTUAL INVESTMENT
CORPORATION v. LANGSTON et al.
47937. SOUTHERN MUTUAL INVESTMENT
CORPORATION v. COUCH et al.
47938. SOUTHERN MUTUAL INVESTMENT
CORPORATION v. ANDERSON.
47939. SOUTHERN MUTUAL INVESTMENT
CORPORATION v. BASS et al.

CLARK, Judge. Four neighboring landowners whose property bordered a small stream filed separate suits against Southern Mutual Investment Corp., the owner of Mableton Village Apartments located on the other side of the creek. Each suit was identical excepting as to the amount of damages, each complaint alleging in short form: "Due to the negligent activities of defendant at the project known as Mableton Village Apartments, plaintiff incurred damages in excess of $ _____ in that the defendant altered the terrain during such activities so as to erode the premises of plaintiffs, causing said damage to the property of plaintiffs."

The four suits were consolidated for trial. At the commencement of the trial the jury was transported to the site for an on-the-scene inspection. The evidence developed that the stream which served as the common boundary between the four plaintiff landowners and the defendant carried little or no water during dry periods, but carried substantial amounts of water during rain. In answer to plaintiffs' efforts to place the blame for the excessive water pouring into the stream which caused increased water velocity with consequent erosion of their stream banks, defendant contended the damage sustained by plaintiffs, if any, was caused by factors beyond defendant's control such as a substantial amount of water being put into this creek

by a shopping center upstream. Defendant further argued a portion of plaintiffs' damages was sustained prior to defendant's acquisition of the apartments. Each of the four verdicts was the same, reading:" $2,000 for repair of damages to property."

Defendant moved for a directed verdict at the conclusion of plaintiffs' presentation which was renewed at the end of the case. After adverse verdicts defendant filed its motions for judgment notwithstanding verdict or in the alternative for a new trial. The trial court overruled this motion from which ruling these four appeals were taken. The enumerations of errors are based upon the overruling of the motions for directed verdict, the entry of judgment, and the overruling of the alternative new trial motion.

The principal contention of appellant is that "Plaintiffs failed to prove their damages as required by law, the offered proof being vague, indefinite, and speculative, and insufficient for submission to the jury."

1. "After a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. [Cits.]" *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232).

2. There is sufficient evidence of damage to support the jury's verdict. The damage is caused by the water flowing off the defendant's property in a concentrated unnatural flow. "The general rule that one land proprietor has no right to concentrate, collect, and discharge surface water by artificial means upon a lower proprietor in a manner different from that in which the water would be received by the lower estate applies in this case." *First Kingston Corporation v. Thompson,* 223 Ga. 6, 7 (152 SE2d 837). The damage caused by such force of water is the erosion and subsequent loss of land constituting plaintiffs' banks, the exposure of roots of trees and subsequent loss of

these trees. Defendant's trees have fallen into the creek bed. The water in flowing around the obstructing tree stumps has widened the creek bed, which has caused cave-ins and further encroachments on plaintiffs' land. The spillways are broken and have not been repaired and defendant's lessees have thrown refuse in the creek bed, which also has not been removed. "The principle upon which we rule this case is, that the water having a time relation, as well as a space relation, both of them being fixed by nature, there is no more right in an adjacent proprietor to alter the one than the other. If the time relation of the stream is so altered that the effect of the water upon the lower tract is injuriously different from what it was by the natural flow of the stream, then a wrong has been done to the proprietor of the lower tract. We think that the owner of water has no more right artificially to project it forward on another man's land, than he has to push it back upon land in his rear; and if by so doing he causes damage, he ought to answer for it." *Grant v. Kuglar,* 81 Ga. 637, 639 (8 SE 878, 3 LRA 606, 12 ASR 348).

3. There was a conflict in the evidence as to what portion of the damage was defendant's responsibility, but evidence was presented which related solely to the period of defendant's ownership. One of the witnesses moved to one of the residences in late 1969; several months prior to defendant's purchase in March 1970. The whole of his testimony related to the conditions of the creek bed and adjoining land during the period of defendant's ownership. (T. 50-63). Another plaintiff testified as to the conditions one year prior thereto which would be six months before filing suit (T. 20) and two years prior which would be four months after defendant's purchase. (T. 21).

4. "As to the measure of damages in cases of a continuing trespass, such as overflowing one's land, the

authorities are almost uniform that it is limited to those which have occurred before action is commenced, and that subsequent damages flowing from a continuance of the trespass give a new right of action. [Cits.]" *Savannah & Ogeechee Canal Co. v. Bourquin,* 51 Ga. 378, 388. The complaint was filed on December 22, 1971. All damages occurring between March, 1970, the date of defendant's purchase of the apartments, and December 22, 1971, are the subject of this litigation. Testimony was admitted concerning this damage and more recent damage occurring up to the date of trial on July 19, 1972. Defendant did not object to the admission of this testimony. It should also be noted the trial judge's jury charge specifically noted "that the plaintiffs in this action may not recover for any injury to their property done prior to the defendant's purchase of the apartment property in question." (T. 343). This directive was again given with reference to pro-rating the amount of damages attributable to defendant's activities.

5. Not only was there some evidence to support the jury's verdict, but the jury viewed the creek bed and the adjoining land of plaintiffs and defendant. "The jury, having viewed the premises by consent of the parties, were in a better position to form an opinion as to the damages alleged than is this court from the reported evidence alone. [Cit.] The verdict of the jury, therefore, was not without evidence to support it." *Rogers v. Western & A. R.,* 209 Ga. 450 (4) (74 SE2d 87). In accord, *Rutland v. Jordan,* 111 Ga. App. 106 (1) (140 SE2d 498).

6. Whereas evidence of the diminution of value in plaintiffs' land was not admitted into evidence, evidence was introduced of the cost of repair. " 'As a general rule the measure of damages in actions for injuries to real property is the difference in value before and after the injury to the premises.' [Cit.] The only exception is when there is a more definite,

equitable and accurate way by which the damage may be determined." *Mercer v. J. & M. Transportation Co.,* 103 Ga. App. 141, 143 (118 SE2d 716). The language of the jury's verdicts with reference to their award being "for repair of damages to property" was not in the form provided by the court but it was a realistic equitable method of assessing the damages. The transcript indicates it was based upon the expert opinion that the problem could be solved by a culvert. "The comparative value of opinion evidence of expert and non-expert witnesses is for the jury." *Fisher Motor Car Co. v. Seymour & Allen,* 9 Ga. App. 465 (3) (71 SE 764).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 8, 1973 — DECIDED APRIL 2, 1973.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart,* for appellant.

*Fredericks, Jones & Wilbur, Carl Fredericks, Robert L. Wilbur, Jr.,* for appellees.