67056. WHITAKER ACRES, INC. et al. v. SCHRENK.

CARLEY, Judge.

The relevant facts of the instant case are as follows: Appellee-plaintiff purchased a residential lot from appellant-defendant Whitaker Acres, Inc. (Whitaker). The Warranty Deed conveying title to the land to appellee was timely and properly filed and recorded in the office of the Clerk of the Superior Court of Troup County, Georgia. According to appellee, the lot was purchased because it met the requirements for the erection of the particular type of home that he planned eventually to have built. With his long range building plans in mind, appellee expended considerable time and personal labor clearing the lot. However, at some time after appellee purchased the property, Whitaker entered into an agreement purporting to sell the lot to appellant-defendant Wynn. According to Whitaker, this was the result of its inadvertent oversight rather than by its fraudulent design. This "oversight" was then compounded when Wynn did not undertake to have a title search made before consummating his purchase of the lot from Whitaker. After closing with Whitaker, Wynn authorized the grading and excavation of the lot in order to begin construction of his home. It was only after the grading and excavation work was underway that appellants discovered that the property had in fact previously been sold to appellee. Appellee was then informed of the situation. Appellee's visit to the property dis-

closed that the lot, as graded and excavated, had been rendered a less desirable site for the home that he envisioned having constructed thereon.

Negotiations between the parties failed to result in a mutually agreeable solution. Appellee then instituted the instant action against appellants to recover both compensatory and punitive damages. The case was tried before a jury, and a verdict awarding appellee the compensatory and punitive damages that he sought was returned against appellants. Appellants appeal.

1. Whitaker asserts that, as against it, appellee has no right to recover any damages because the actual acts of physical invasion of the property were all at the direction of Wynn.

"One who procures or assists in the commission of a trespass, or does any act which ordinarily and naturally induces its commission, is liable therefor as the actual perpetrator." *Burns v. Horkan*, 126 Ga. 161 (3) (54 SE 946) (1906). Where the trespass results as the consequence of a conveyance purporting to grant an interest in the property to the actual trespasser, "the maker of the instrument might be sued in trespass, because 'he is the causa causans, the prime mover of the damage to the plaintiff.' . . . the maker [is] liable in trespass with the actual perpetrator, upon the theory that the maker has put in motion the thing which subsequently induced the party to commit the trespass. The execution of the conveyance amounts to an assertion of the maker's right to use the property, and is equivalent to counseling and directing the grantee or lessee to commit the trespass." *Burch v. King*, 14 Ga. App. 153, 156 (80 SE 664) (1913).

In the instant case, it is undisputed that Whitaker conveyed the property to Wynn, with the result that Wynn trespassed on property belonging to appellee. Accordingly, Whitaker was subject to liability in the instant case. Compare *Powell v. Harris*, 39 Ga. App. 295, 296 (5) (147 SE 189) (1928) (defendant conveyed to actual trespasser only a *building* standing on the property subsequently trespassed upon, not the *property* trespassed upon).

2. In related enumerations of error, both appellants contest appellee's standing to recover damages as the result of the trespass. The attack on appellee's standing is based upon the following facts: Subsequent to the conveyance of the property to appellee, a tax sale was held at which the lot was sold. According to appellee, this tax sale occurred because he never received a tax notice and was totally unaware that his property was subject to being sold for taxes. Appellee was apparently still unaware that his property had been sold when Wynn authorized the grading and excavation of the lot. Only after discovering the physical changes which had taken place on his property did appellee discover that it also had been sold at a tax sale. Appellee then exercised his right of redemption and received a quit-

claim deed to the property from the purchaser at the tax sale. Under these facts, appellants contend that only the purchaser at the tax sale has standing to sue for such damages as may have occurred to the unoccupied property after the tax sale but before the exercise of appellee's right of redemption.

" 'To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass.' [Cits.]" *Coffin v. Barbaree*, 214 Ga. 149, 151 (103 SE2d 557) (1958). "[The] true owner (that is, the person holding the legal title) may maintain an action of trespass, though he was not in possession at the time the wrong was committed; but . . ., the burden is upon him to show that he is the true owner; and this he can do only by showing title. [Cits.]" *Gaskins v. Gray Lumber Co.*, 6 Ga. App. 167, 168 (64 SE 714) (1909). Thus, the issue for resolution in the instant case is who was the "true owner" of the unoccupied property at the time the alleged damage occurred.

It is true that the purchaser at a tax sale receives a deed to the property. OCGA § 48-4-6. However, it is also clear that this tax deed does not represent the purchaser's absolute title to the property. "While under the law of this State, where property is sold for taxes, the officer making the sale executes a deed to the purchaser before the time for redemption has lapsed, yet the title acquired by such purchaser is not a perfect fee-simple title, but an inchoate or defeasible title, subject to the right of the owner to redeem within the time prescribed by the statute." *Bennett v. Southern Pine Co.*, 123 Ga. 618 (1) (51 SE 654) (1905). "The nature of the title which he has may be compared to an estate which will ripen upon a condition, or rather perhaps to one which will be defeated upon the happening of a condition. In either event, it is not a perfect title, but one subject to the right of redemption." *Bennett v. Southern Pine Co.*, supra at 622-623.

Moreover, it is clear that whatever "title" the purchaser at a tax sale may acquire, it is "in subordination to [the] right of [the owner to redeem his property], and until the expiration of the period which the law fixes in which [the owner] might exercise this right *[his] title as owner [is] not divested.*" (Emphasis supplied.) *Morrison v. Whiteside*, 116 Ga. 459, 462 (42 SE 729) (1902). The purchaser at a tax sale "is not entitled to possession, or to rents, issues, and profits during the time allowed for redemption." *Bennett v. Southern Pine Co.*, supra at 622. " 'He has consequently no constructive possession of the premises, and *no more right to go upon and make use of them than any stranger to the title would have. His entry upon the premises would be a trespass upon the possession*, actual or constructive, *of the owner*, who might recover against him for any injury committed.' [Cits.]" (Emphasis supplied.) *Elrod v. Groves*, 116 Ga. 468, 470 (42

SE 731) (1902).

If, prior to the expiration of the time for redemption, the owner's title is not divested and the purchaser himself may be considered a trespasser on the premises, it logically follows that the owner cannot be said to lack standing to sue for a trespass which occurs during this period. The owner has "the right to determine who shall be the possessor" before the expiration of the redemption period. *Elrod v. Groves*, supra at 469. Accordingly, we find that appellee had sufficient standing to recover for a trespass to the property.

In so holding, we are not unaware that the above cited cases are decisions which interpret the law relative to tax sales as it existed prior to the effective date of Ga. L. 1978, p. 309, the provisions of which are relevant in the instant case. However, the 1978 enactment reflects no significant change from the wording of the statutory provisions which are discussed in the cases cited above. "Words and phrases, the meaning of which has been ascertained in a Statute, are, when used in a subsequent Statute, or in subsequent parts of the same Statute, to be understood in the same sense. [Cit.]" *Lane v. Morris*, 10 Ga. 162, 173 (1851). Accordingly, we do not find the cases construing the former law to be distinguishable by virtue of the enactment of Ga. L. 1978, p. 309.

3. Several enumerations of error relate to the measure of damages applicable in the instant case. It is essentially appellants' contention that the only measure of damages recoverable is the difference between the fair market value of the lot before and after the trespass. Appellee, on the other hand, asserts that the proper measure of damages is the cost of restorative work on the lot which was "uniquely" suited to his building needs.

" 'As a general rule the measure of damages in actions for injuries to real property is the difference in value before and after the injury to the premises.' [Cit.] The only exception is when there is a more definite, equitable and accurate way by which the damage may be determined." *Mercer v. J. & M. Transp. Co.*, 103 Ga. App. 141, 143 (118 SE2d 716) (1961). Accordingly, the question presented for determination is whether the instant case comes within the general rule or is an exception thereto so as to authorize the cost of restorative work as the measure of damages.

The instant case does not involve damage to any building or structure on the property. Therefore, the decision in *NEDA Constr. Co. v. Jenkins*, 137 Ga. App. 344, 349 (4) (223 SE2d 732) (1976) has no application here. Nor does the instant case involve a continuing trespass which can be remedied by the making of certain "repairs" to the property. Compare *Southern Mut. Investment Corp. v. Langston*, 128 Ga. App. 671, 674 (6) (197 SE2d 775) (1973); *Payne v. Whiting*, 140 Ga. App. 390, 391 (2) (231 SE2d 796) (1976); *Raymar, Inc. v.*

*Peachtree Golf Club*, 161 Ga. App. 336, 337 (287 SE2d 768) (1982). Nor does the instant case involve the loss of an article having no market value. Compare *Cherry v. McCutchen*, 65 Ga. App. 301 (16 SE2d 167) (1941).

What the instant case *does* involve is damage to appellee's real property as the result of grading and excavation work that he did not authorize. The property still remains. The trespass is over and presumably will not be repeated. "The measure of damages in this kind of action is the diminution in the market value of the land involved, that is, the difference between the market value of the land before and after injury." *Burden v. Woodruff*, 79 Ga. App. 197, 198 (1) (53 SE2d 218) (1949). See also *Louisville & Nashville R. Co. v. Kohlruss*, 124 Ga. 250 (52 SE 166) (1905); *City of Atlanta v. Swiney*, 20 Ga. App. 415 (5) (93 SE 24) (1917). " 'The value of the property destroyed, or the cost of restoring or replacing such property, is the proper measure of damages for the destruction of buildings, fences, and other improvements, which may at once be replaced, where the exact cost of restoring the property destroyed is capable of definite ascertainment, and where there is no damage to the realty itself.' [Cits.] Of course, *if recovery is sought for injury to the freehold itself by reason of the taking or destroying of the property attached thereto, the measure of damages should be the difference between the value of the land before and its value after the injury.* [Cits.]" (Emphasis supplied.) *Empire Mills Co. v. Burrell Engineering Co.*, 18 Ga. App. 253, 256 (89 SE 530) (1916). See also *Ga. R. &c. Co. v. Flynt*, 93 Ga. App. 514, 524 (92 SE2d 330) (1956).

The trial court erred in admitting evidence which was not relevant to the correct measure of damages. The trial court also erred in charging on a measure of damages other than the difference between the fair market value of the property before and after the trespass. The evidence did not authorize a charge on any other measure of compensatory damages. *Mercer v. J. & M. Transp. Co.*, supra. Compare *Cherry v. McCutchen*, supra; *Southern Mut. Investment Corp. v. Langston*, supra; *NEDA Constr. Co. v. Jenkins*, supra. The property's uniqueness results only from appellee's subjective evaluation, not from anything intrinsically or objectively unique about the property itself or about the use to which it might be put. " 'The rationale of damages, as in this case, is to compensate the plaintiff and not to unreasonably burden the defendant beyond the point of compensating the plaintiff.' " *Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co.*, 152 Ga. App. 259, 265 (262 SE2d 554) (1979).

4. Because the judgment awarding compensatory damages must be reversed for the reasons discussed in Division 3 above, we do not decide remaining enumerations relating to the award of punitive damages.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 28, 1984 —
REHEARING DENIED MARCH 13, 1984.

*Thurman E. Duncan, Hoke J. Thomas, Jr.*, for appellants.
*Wayne Hadden, James T. Hunnicutt*, for appellee.