**Burnis BRADFORD and Inis Bradford, Appellants,**

v.

**Oakie SHEPHERD, Kenneth Prater, and Jack Shepherd d/b/a Church of God, Route 850, Appellees.**

No. 86–CA–2408–MR.

Court of Appeals of Kentucky.

Aug. 28, 1987.

Rehearing Denied Oct. 30, 1987.

Jerry A. Patton, Prestonsburg, for appellants.

Arnold Turner, Janet L. Stumbo, Turner, Hall, Stumbo & Riley, Prestonsburg, for appellees.

Before CLAYTON, McDONALD and MILLER, JJ.

MILLER, Judge.

Appellants bring this action from a judgment of the Floyd Circuit Court which dismissed their claim for damages which allegedly resulted from the expansion of a church building upon their property.

The facts are these: In 1963, appellants purchased the property in question from Burnis Bradford's mother and various other family members. At the time of conveyance, a church building, occupied by appellee, Church of God, stood upon the property. The building was encircled by a fence which surrounded the main building, two outdoor toilets and an area used by the church as a parking lot. The 1963 deed contained the following language: "It is hereby understood that the church house on said land is excepted herefrom so long as it is in use for church purposes and worship."

During 1977, church members began constructing an extension on the main building. Although the building was enlarged, neither side disputes that the expanding building is still enclosed by the original fence. Appellants were informed of the plans to enlarge the structure and voiced no objections. (There is a dispute as to whether they gave approval, but that issue need not be decided by this Court.) On October 17, 1979, however, appellants filed a complaint charging that the expansion of the building violated the terms of the deed, and seeking damages therefrom.

Several attempts at compromise were unsuccessful, and the dispute was finally submitted to the trial court, upon the evidence, in 1986. On September 10, 1986, the Floyd Circuit Court entered its findings of fact and conclusions of law, dismissing appellants' suit. Specifically, the trial court held that the suit was barred by laches and the statute of limitations, as well as by the provisions of appellants' deed.

We note that the circuit court's findings contain certain errors concerning the date appellants acquired the property and the date the extension was constructed. While this might create some question as to the court's conclusions, we do not think those discrepancies, in themselves, require reversal. The situation before us is not concerned with either statute of limitations or laches; rather, it is a question of deed interpretation. On that basis, we affirm.

Appellants cite the common law rule holding that an exception or reserva-

tion in any real estate conveyance must be in favor of the grantor and "an exception or reservation in favor of a stranger to the instrument gives or conveys nothing to him." *See Washum v. Konrad*, Ky., 275 S.W.2d 427 (1955). Therefore, they contend that the "exception" favoring the church is invalid. It is clear, however, that appellants' grantors wanted the church to continue its use of the property. In construing a deed, the common law rule that a reservation cannot be created in a stranger has been modified in this jurisdiction and technicalities are abolished when the intention of the grantor(s) is clear from the instrument. *See Townsend v. Cable*, Ky., 378 S.W.2d 806 (1964). Moreover, our examination of the cases leads to doubt whether the common law rule ever received strict application. In the least, there were exceptions, as in the case where the rights of the third party (stranger) were in existence at the time of the conveyance. Such rights were considered an exception from the operation of the deed. *See Allen v. Henson*, 186 Ky. 201, 217 S.W. 120 (1919). That is precisely the case at hand. The rights of the Church of God were existing and apparent at the time of conveyance to the appellant, Burnis Bradford, by his mother. We hold these rights were a limitation upon the estate conveyed to Bradford. They were excepted by the clear intent of the parties from the conveyance, and Bradford took title to the fee subject to use by the church as stated in the exception. *See Powell v. Harris*, 39 Ga.App. 295, 147 S.E. 189 (1929). *See generally* Annot., 88 A.L.R.2d 1199 at 1222 (1963), and 23 Am.Jur.2d *Deeds* §§ 84 et seq. (1983).

The next question concerns the extent of appellees' use. Appellants argue that land embraced in an exception must be described with definiteness and certainty (*see Dotson v. Kentland Coal & Coke Co.*, Ky., 265 S.W.2d 466 (1954)), and the only property which meets that requirement is the church house itself. We disagree. There is no question that, before conveyance, the church had use of all the property enclosed by the fence as well as the building. This use continued under appellants' ownership,

even before the building was enlarged. As this Court has recently concluded:

> [T]he intention of the parties must be looked at to determine what interest was conveyed. In determining the intention of the parties, courts look at the whole deed, along with the circumstances surrounding its execution, and courts may also consider the acts of the parties following the conveyance.

*Arthur v. Martin*, Ky.App., 705 S.W.2d 940, 942 (1986). *See also Handy v. Standard Oil Co.*, Ky., 468 S.W.2d 302 (1971).

 The enlargement of the building did not require any land which was not previously under appellees' exclusive use, and we fail to see how appellants were damaged by the construction.

For the foregoing reasons, the judgment of the Floyd Circuit Court is affirmed.

All concur.