### ELROD *v.* GROVES *et al.*

The purchaser of land at a tax sale is not entitled to be placed in possession- until after the time for redemption has expired.

*Argued October 11,—Decided October 30, 1902.*

Action on sheriff's bond. Before Judge Fite. Murray superior- court. August 12, 1902.

*S. T. Gourdine* and *R. J. & J. McCamy*, for plaintiff.
*C. N. King*, for defendants.

COBB, J. This was a suit upon a sheriff's bond. The petition alleged that the sheriff had levied a tax execution upon a tract of land and had sold the same in the manner prescribed by law, and that after the sale and before the time for redemption had expired the sheriff had ejected the defendant in the tax execution from the premises and placed the purchaser at the tax sale in possession. It was alleged that this constituted a breach of the bond. The defendants demurred to the petition, upon the ground that under the law of this State it was the duty of the sheriff, upon the applica- tion of the purchaser at the tax sale, to place him in possession of the property at any time after the sale had taken place and a deed had been delivered. The judge sustained the demurrer and dismissed the case. The plaintiff excepted.

What effect has a tax sale of land upon the title to the property and the right of possession? Is the right of the purchaser to the possession of the property postponed until after the time for redemption has expired? In the case of *Jones* v. *Johnson*, 60 *Ga.* 260, it was distinctly ruled that the rents accruing during the period allowed for redemption belonged to the owner, and not to the purchaser at the tax sale. It is true that that case was dealing with a tax sale had under the provisions of a municipal charter; but the principle in such a case is equally controlling in a case arising under a sale had under the general tax laws of the State. It was said in that case that for a year the purchaser at the tax sale has no absolute title, but a defeasible or conditional title only. In *Lamar* v. *Sheppard*, 84 *Ga.* 561, 567, it was said that the owner had a legal right to occupy the premises during the first year after a tax sale without paying rent. While the question as to who was entitled to possession was not directly involved in the case last referred to, it is at least settled by the rulings in the two cases that the owner is entitled to the rents during the time allowed for redemption. If this is true, it would seem to follow that the owner is entitled to the possession during that time. The right to collect rents from one in actual possession necessarily carries with it the right to determine who shall be the possessor during the time for which the rents are collected. If the owner can during the period allowed for redemption place a tenant in possession, certainly the owner can himself be the possessor during that time. Judge Cooley says: " The purchaser has no title to the land until the

time for redemption has expired. He has consequently no constructive possession of the premises, and no more right to go upon and make use of them than any stranger to the title would have. His entry upon the premises would be a trespass upon the possession, actual or constructive, of the owner, who might recover against him for any injury committed." Cool. Tax. 542 (11). See also Black, Tax Tit. §§ 169, 171 ; 25 Am. & Eng. Enc. Law (1st ed.), 716 ; Hibbard v. Brown, 51 Ala. 469 ; Shalemiller v. McCarty, 55 Pa. St. 186 ; Mayo v. Woods, 31 Cal. 269 ; *Morrison* v. *Whiteside*, 116 *Ga.* 459 (ante). Our code provides that the officer selling at tax sales " has the authority to put purchasers in possession of land sold, as in other cases." Pol. Code, § 914. Under the general law of this State, when real estate is sold by the sheriff or other officer, it is provided that the officer conducting the sale may put the purchaser in possession ; and ordinarily the purchaser at such a sale acquires the right to be placed in possession by the officer immediately upon paying the amount of his bid and receiving a deed from the officer conducting the sale. It is argued from this that, under the code section above quoted, the purchaser at a tax sale is entitled to immediate possession if he demands it. We do not think this a proper construction to be placed upon that section. Properly construed, that section simply means that the officer selling at a tax sale is authorized to put the purchaser in possession of the land sold, in the same manner in which other purchasers at judicial sales · are put in possession, whenever such purchaser is entitled under the law to the possession of the land. This section does not purport to fix the rights of the purchaser, but simply to give him an appropriate remedy whenever he is entitled to demand possession of the property bought.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*