## McDONALD *v.* WIMPY.

No. 16876.   November 15, 1949.   Rehearing denied December 1, 1949.

*Weir S. Gaillard,* for plaintiff.

*Wheeler, Robinson & Thurmond* and *Kenyon, Kenyon & Gunter,* for defendant.

DUCKWORTH, Chief Justice. ■ On the second appearance of this case (*McDonald* v. *Wimpy,* 203 *Ga.* 498, 46 S. E. 2d, 906), we had for review a judgment granting a new trial on motion of the defendant after the trial had resulted in a verdict for the plaintiff. It was held that the verdict for the plaintiff was not demanded, since there was testimony for the defendant raising an issue as to whether adverse possession under color of title had been shown. That rule when applied here, since the evidence was in all material respects the same, would require a holding that the jury was authorized by the evidence to find that the requisite seven years' possession under color of title had not been shown by the petitioner. Consequently, the evidence authorized the jury to return a verdict in favor of the defendant. The general grounds of the motion are without merit.

■ In the first special ground, complaint is made because the court refused a timely written request to charge as follows: "Good faith as contemplated by the law of prescription under color of title has relation to the actual existing state of the mind, whether from ignorance, skepticism, sophistry, delusion, or imbecility, without regard to what it should. be from given legal standards or reason. The very object of prescription is to make a bad title good. When a party claims adversely, it is not necessary for him to show that he went into possession in good faith, but the burden of showing fraud is on the opposite party. Fraud contemplated by the law, is such as would affect the conscience with bad faith and moral turpitude. Prescriptive title extinguishes all other inconsistent titles and itself becomes the true title." While the request to charge is, as held in *Lee* v. *O'Quin,* 103 *Ga.* 355, and *Barfield* v. *Vickers,* 200 *Ga.* 279 (supra), a sound statement of law regarding good faith as required by law to establish prescriptive title under color, yet the words, "ignorance, skepticism, sophistry, delusion, or imbecility," contained in the request are argumentative. In the present case, there is no evidence authorizing any of these words except perhaps "ignorance"; hence the request is not adjusted to the evidence, and being argumentative, the charge was not authorized. The court did not err in refusing to charge as requested.

■ The second special ground excepts to the refusal to charge a timely written request that, "Where one attests a deed with full knowledge of its contents, he is estopped from asserting against the grantee therein an interest based upon any right then outstanding in himself." The evidence upon which this request to charge is based is to the effect that Mr. Christian, who at that time was the clerk of the superior court and the agent of the company whose land was being sold for taxes, signed the petitioner's tax deed as a witness. However, there does not appear to be any evidence showing the scope and authority of the agent. The evidence further shows that this same Mr. Christian, within the period of redemption, tendered to the petitioner the full amount required for redemption, and the tender was refused. The petitioner contends that there was nothing to show whether the tender was made on behalf of the company or on behalf of Mr. Christian personally. This complaint is without merit, because the evidence does not authorize the application of the principle of law embodied in the request. Furthermore, if Christian as agent was vested with authority sufficient to bind the company by his act and knowledge in attesting the deed, then he was vested with authority to redeem in behalf of the company. A further reason for refusing this request is that, irrespective of the knowledge and notice of Christian, the present defendant—not appearing to have had such knowledge and notice—would not be chargeable therewith under the rule in Code § 37-114. See also *Hines* v. *Lavant,* 158 *Ga.* 336 (123 S. E. 611).

■ The third special ground excepts to a portion of the charge instructing the jury in substance that a purchaser at a tax sale is not entitled to possession during the redemption period, and that possession during that time could not be as a matter of right or law; the grounds of attack being that the charge was inapt, harmful, and misleading. Elsewhere in the charge, the court had instructed the jury that, if they should find from the evidence that the petitioner, although the purchaser at a tax sale, went into possession prior to the expiration of the redemption period—that is within twelve months after the sale—"then it would be a question for you to determine whether or not that possession originated in fraud or whether it was in good faith,

and as to whether or not his entering into possession at that time constituted such possession as its continuance would eventually ripen into an adequate title for a period of seven years." The excerpt complained of, being a correct statement of the law, under repeated rulings of this court, is not erroneous because of a failure to charge at the same time other principles of law. Elsewhere the court did charge that the jury should determine if in such a case one acted in good faith in taking possession. We find no error here.

■ The fourth special ground complains of an excerpt from the charge, to the effect that the law in 1931, which was the date of the petitioner's tax deed, was that no one had a right to take possession of property purchased at a tax sale until after twelve months from the date of the deed; that, if possession was taken by the purchaser within that period, the taking of such possession would be contrary to law; and that every person is presumed to know the law. The ruling made in the preceding division controls here except as to the clause that "every person is presumed to know the law." The petitioner had knowledge from the recital of his tax deed that his title was subject to the law applicable to tax sales, and it was correct to charge that everyone is presumed to know the law. This presumption is not conclusive, and it is permissible, in a case where good faith is required, to show that one did not know the law. The jury were instructed in other portions of the charge that they should ascertain from the evidence whether or not the petitioner took possession in good faith. On that question the jury were authorized to consider the recital in the deed. *Johnson* v. *Key*, 173 *Ga.* 586 (160 S. E. 794) ; *Quarterman* v. *Perry*, 190 *Ga.* 275 (9 S. E. 2d, 61). Likewise, it was proper for the jury to be instructed as to the law and to consider the presumption that the petitioner knew the law. The statute upon which the petitioner's claim of title by prescription is based, Code § 85-402, requires that possession must be in the right of the possessor, must not originate in fraud, and must be accompanied by a claim of right. With the legal presumption that everyone knows the law, this petitioner could not prove his case if he remained silent as to his lack of knowledge of the law. It would be legally impossible for him to have the required good faith and claim of right when he took possession,

if, at the same time, he knew that under the law he had no right. There is no merit in this ground.

■ The fifth special ground excepts to the charge instructing the jury that the plaintiff must recover—if he recovers at all—on the strength of his own title; that he could not recover upon showing want of title in the defendant. Obviously, in the absence of proof of title or interest in the land involved, it would be no concern of the petitioner whether the defendant had title or not. The petitioner is entitled to protection by court decree of his own property, but if he fails to show that he owns the property involved, then he will not be heard to complain of the conduct of others in connection with that property. No error was committed in this charge.

■ In the sixth special ground, complaint is made because the court allowed over objection a number of deeds dating back to 1900, which constituted a chain of title to the land in question into the defendant. The objection was made to all of the deeds upon the ground that they were merely color of title. Counsel first stated that the deeds were based on an order granted in a receivership proceeding, which authorized the sale of an interest less than the fee and, hence, was color of title only. This receiver's deed is dated December 31, 1935, and there are other deeds dated prior to that date. The objection states that the deed from Baker is only color of title because it does not show the source of Baker's title; that Thompson's deed from Baker is dated March 30, 1900, and conveys no more than Baker had. There is also a deed from Thompson to the Standard Gold Mining Company, but no reason is given for excluding it. The deeds prima facie refute the grounds of objection. Furthermore, since no ground of objection is made to one of the deeds, it was clearly admissible. It is well-settled law that, when a general objection is made to all of the deeds and one of them is admissible, it is not error to admit all of them over that objection. In addition to the foregoing principle of law which sustains the ruling here assailed, the documents do not appear to have been prejudicial to the plaintiff. There is no merit in this ground.

■ In the seventh special ground, an exception is taken to the charge of the court wherein Code § 85-407 in its entirety was given; the complaint being that the portion with reference to

forged or fraudulent title was not authorized by the evidence; was inappropriate, and was unwarranted. Whether or not the movant is correct in the assertion that there was no evidence showing fraud or forgery, and whether or not this portion of the charge was erroneous for that reason, it was not harmful to the movant. No injury or harm having been shown, this complaint will not authorize the grant of a new trial. *Butler* v. *Lovelace-Eubanks Co.*, 37 *Ga. App.* 74 (139 S. E. 83).

■ The eighth special ground sets forth a colloquy between the court and counsel for the plaintiff and the defendant, the substance being that the defendant's counsel objected to the plaintiff's tax deed as a muniment of title, but stated that counsel had no objection to the deed as a color of title. Apparently, counsel for the plaintiff insisted that, notwithstanding the recital in the deed that the levy was made by a constable, there was evidence that the sheriff made a levy which embraced the land in question. The court ruled merely that "I permit it in evidence." It thus appears that the movant has nothing whatever to complain of in that connection. This same ground, however, recites that the judge charged the jury that, under the facts in this case, the tax deed to the petitioner did not convey title to the land in dispute; but that they consider it as only color of title. We concur fully in the opinion of the trial judge that the deed, reciting that the levy under which the sale took place was made by a constable, was not valid as a muniment of title, but was only color of title. There is no merit in this ground.

■ The complaint in the ninth special ground is that the court erred in that portion of the charge which instructed the jury to enter their verdict on the back of the petition that has no writing on it; the complaint being that entries previously made were concealed from the jury, and this injured the petitioner. We fail to see how this could have hurt the petitioner but, irrespective of that, it does not show concealment. The petition was the proper pleading upon which to enter the verdict, and that is precisely what the judge told them to do. There is no merit in this complaint.

There is likewise no merit in the tenth special ground which complains of an excerpt from the charge that, if the plaintiff went into possession of a part of the land, remaining in posses-

sion only for short periods with long intervals between periods of possession, this would not meet the requirement for adverse possession. A complete answer to the criticism here is the provision of Code § 85-402 wherein it is required that the possession must be "continuous, exclusive, uninterrupted." This ground is without merit.

As to the request of the petitioner for a decree non obstante veredicto, we cannot rule on the court's failure to enter such a decree, since the judge made no ruling on that motion.

*Judgment affirmed. All the Justices concur.*