39149, 39150. CLAYTON COUNTY v. BILLUPS EASTERN PETROLEUM COMPANY (two cases).

DECIDED NOVEMBER 15, 1961.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summerour, Assistant Attorneys-General, John R. McCannon,* for plaintiff in error.

*Philip H. Alston, Jr., Wm. B. Spann, Jr., Alston, Sibley, Miller, Spann & Shackelford, James E. Thomas, John L. Watson, Kemp & Watson,* contra.

BELL, Judge. The sole question here is whether a cause of action is stated for damage to property by a petition alleging facts sufficient to authorize a jury to find substantial impairment of an owner's right of ingress and egress directly to and from the highway where, as in this case, the highway is converted from an unlimited to a limited access road and there is provided at the time of the change a service road by which the plaintiff's property can be reached. Is such damage to be held to be compensable as a damaging of private property within the meaning of the constitutional provision in Art. I, Sec. III, Par. I (*Code Ann.* § 2-301), providing in part that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid?

In *Pause v. City of Atlanta,* 98 Ga. 92 (26 SE 489, 58 ASR 290), the Supreme Court held that a tenant could recover for damages resulting to his leasehold estate sustained in consequence of the construction of a duly authorized public improvement. The *Pause* case was decided under the Constitution of 1877, which, in Art. I, Sec. III, Par. I, contained the same provision as the present Constitution of 1945. See *Code Ann.* § 2-301. While in the *Pause* case the court pointed out that under the Constitution of 1868 there was no prohibition against mere damage to property without just compensation, it held that the word "damage" as added to the clause in the Constitution of 1877 embraced more than the mere physical taking of property. "The damages, therefore, that an individual may recover for injuries to his property need not necessarily be caused by acts amounting to a trespass, or by an actual physical invasion of his real estate; but if his property be depreciated in value by his being deprived of some right of user or enjoyment growing out of and appurtenant to his estate as the direct consequence of the construction and use of any public improvement, his right of ac-

tion is complete, and he may recover to the extent of the injury sustained." Ibid., p. 100. The court stated that interfering with access to premises by impeding or rendering difficult ingress or egress is such a taking and damaging as entitles the party injured to compensation. It was there held that where the public improvement would result in the plaintiff's total exclusion from the premises or would make the same so inconvenient as to render it valueless for the purpose for which it was leased, the lessee would be entitled to recover damages for the injury to her leasehold interest.

In *State Highway Board v. Baxter*, 167 Ga. 124 (144 SE 796), the plaintiff sought an injunction against the State Highway Board's erecting any fence, post, or other obstruction on the highway which it was alleged the agency was threatening to erect in front of his residence, store, and lunchroom. In affirming the trial court in termporarily enjoining the Highway Board from doing any designated acts or otherwise obstructing the free passage of traffic by the public from the coastal highway to the residence, store, and lunchroom of the petitioner in front of his property, the Supreme Court held that owners of property contiguous to a highway own rights which do not belong to the public generally, and that included in these rights is an easement of access which "includes the right of ingress, egress, and regress, a right of way from a locus a quo to the locus ad quem, and from the latter forth to any other spot to which the party may lawfully go, or back to the locus a quo." Ibid, p. 133. There, in defining the extent of this easement, the court stated that an owner is not entitled as against the public to access to his land at all points in the boundary between it and the highway, "if entire access has not been cut off, and if he is offered a convenient access to his property and to improvements thereon, and his means of ingress and egress are not substantially interfered with by the public." Ibid., p. 133. While conceding that the State Highway Board was vested with wide discretion in the location, construction, and maintenance of the State-aid roads, the court pointed out in the *Baxter* case that it is not authorized to take or damage private property, and stated that the property owner's means of ingress and egress is a property

right and must not be substantially interfered with without due compensation.

In 1957 the question was again before the Supreme Court in *Dougherty County v. Hornsby*, 213 Ga. 114 (97 SE2d 300). There the petition alleged that the defendant had installed concrete curbing along the side of the highway adjacent to and in front of the plaintiff's property which impaired the means of ingress and egress, thereby depreciating its market value and damaging the property for public purposes without just and adequate compensation being first paid. The court held that these allegations stated a cause of action as against a general demurrer, and that, "while it is true that there is no obligation upon the defendant to supply the petitioner with customers by furnishing a flow of traffic by his place of business, *the defendant is liable for any interference with the right of ingress and egress to the petitioner's property,* and this allegation would be material in determining any diminution in the market value of the property by reason of such interference." (Emphasis added.) Ibid, p. 118 (2). See also *City of Atlanta v. Dinkins*, 46 Ga. App. 19 (166 SE 429); *Dougherty County v. Long*, 93 Ga. App. 212 (91 SE2d 198).

The defendant contends that the easement of access theory is not realistic as applied to a four-lane express highway, as modern expressways are designed and constructed to move traffic in volume and are not planned, designed, constructed, or maintained to furnish business to establishments contiguous to them. This argument, however, is totally inapplicable under the facts as alleged in the present petition where the plaintiff had enjoyed practically unlimited ingress and egress for almost seven years before the highway was changed from an unlimited to a limited access one. Obviously, a different question would have been presented had the plaintiff located his business adjacent to an existing limited access road. Here, a right the plaintiff had enjoyed for almost seven years was allegedly substantially damaged. Neither our case law nor the constitutional provision makes any distinction as to the class of road involved. The prohibition is against the taking or damaging of private property for public purposes without just compensation.

Other jurisdictions have allowed compensation for impairment of the right of access even though there is available a means of indirect access, whether from other existing streets or by construction of service or feeder roads. See 43 ALR2d 1077 (4).

In this case the petition as amended charged "defendant did each and every act complained of by plaintiff to convert U. S. Highway 41 in front of plaintiff's property from an unlimited to a limited access highway, and by such conversion took, damaged, and substantially destroyed plaintiff's right of ingress and egress to and from its service station and said highway." Taking the allegations of the petition as true when considered on demurrer, we cannot say as a matter of law that here there was not a substantial interference with the plaintiff's right of ingress and egress. Under the cited decisions of the Supreme Court the plaintiff has alleged a cause of action for the resulting damages.

The trial judge did not err in overruling the defendant's renewed demurrer to the amended petition.

2. The only assignment of error in Case No. 39149 was abandoned.

*Accordingly, the writ of error in that case is dismissed. The judgment in Case No. 39150 is affirmed. Felton, C. J., and Hall, J., concur.*