## 22644. LITTLE v. WEATHERBY et al.

MOBLEY, Justice. This litigation arose from a dispute as to the boundary line between adjoining land of plaintiff and land held under lease by defendants. Plaintiff brought her petition alleging that she was the owner of a described tract of land; that she had been in possession of said property under claim of ownership for approximately twenty-nine years, and her claim of ownership east of a marked line has been notorious, adverse, and peaceable for said period of time, so as to put all persons dealing with said property on notice that she was the owner, and by amendment, she alleged that in 1954 Ernest Page, the then owner of the tract adjoining her, and Paul Cagle, her agent, agreed on a dividing line between

their properties and in conformity with said agreement erected concrete markers thereon, and that said line since that time has been respected by Ernest Page and all others claiming under him until defendants began trespassing upon her property. The petition alleged further that the defendants had trespassed upon her land by going upon it with heavy grading equipment and had bulldozed and removed the concrete marker which marked the southwest corner of her property and had uprooted and removed certain trees upon her land and had graded down her land several feet; that although requested to desist from said acts, defendants had refused, and unless enjoined would continue to destroy her trees and damage her property which would cause her irreparable injury. She prayed for a temporary and permanent injunction against the defendants' further trespass upon her property and money damages for the trespass already committed. At the close of the evidence for both parties, the plaintiff made a motion for directed verdict, which the court denied. The jury found in favor of the defendants, and judgment was entered accordingly. The exceptions are to the denial of plaintiff's motion for judgment n.o.v. and to the denial of plaintiff's motion for new trial on the general grounds. *Held:*

Plaintiff contends that the evidence demanded a finding that she had acquired prescriptive title to the property in dispute by twenty years adverse possession under provisions of *Code* §§ 85-401, 85-402 and 85-406, and further demanded a finding that the dividing line between her property and that held under lease by defendants had been established by agreement between the respective owners in 1954, and further that the dividing line had been established by acquiescence for seven years by acts and declarations of the adjoining owners. *Code* § 85-1602.

Without recounting the evidence, we must conclude after careful consideration thereof that the evidence did not demand a finding that plaintiff had acquired prescriptive title by twenty years adverse possession, nor that there was an agreement of the owners as to the dividing line between their properties, nor had a dividing line been established by acquiescence in the line for seven years. The evidence was in sharp conflict on all these questions. Ernest Page denied that he agreed to a dividing line in 1954, as contended by plaintiff, and testified that he had never agreed to the line and that the concrete

marker, alleged to be on the southwest corner of plaintiff's property, was put there without his knowledge or consent. Those under whom defendants claim title denied that they had by acts, declarations, or otherwise, ever acquiesced in the line.

The evidence as to plaintiff's possession was conflicting, and considering it most favorably to plaintiff, made an issue for the jury.

In an action to enjoin a trespass on land, such as we have here, the burden is on the plaintiff to establish his title to the land, and he must recover on his proven title and not upon the weakness of defendant's title. See *McDonald v. Wimpy*, 206 Ga. 270 (6) (56 SE2d 524). Whether the plaintiff had title to the land in question was a question of fact, and where, as here, the evidence was conflicting on all material issues, the question was for the jury to resolve. "A verdict supported by any competent evidence which has the approval of the trial judge will not be disturbed by this court unless errors of law appear. *Reed v. State*, 195 Ga. 842 (7) (25 SE2d 692)." *Greenway v. Sloan*, 211 Ga. 775, 776 (1) (88 SE2d 366). The evidence, though conflicting, is amply sufficient to sustain the verdict and has the approval of the trial judge. The trial judge did not err in denying the motion for judgment n.o.v., nor in denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1964—DECIDED SEPTEMBER 28, 1964.

*Leon Boling*, for plaintiff in error.
*Herman J. Spence, Thomas A. Roach*, contra.