36104. CHEEK et al. v. WAINWRIGHT et al.

CLARKE, Justice.

This controversy involves ownership of a parcel of land located in Land Lot 85 of the 14th Land District, Taylor County, Georgia. Appellants, plaintiffs below, contended that the disputed parcel, upon which appellee proposed to cut timber and conduct other activities, belonged to them. They filed suit in the Superior Court of Taylor County alleging that appellees were trespassing and should be enjoined from continuing to do so. Appellees denied that appellants owned the property in question, and the case came on for jury trial on January 24, 1979, resulting in a verdict and judgment in favor of appellees on the basis of adverse possession and prescriptive title.

The disputed land, a rectangular strip of approximately 62 acres, was located in the southern portion of Land Lot 85. Appellee Wainwright in 1945 purchased some 202.5 acres, the deed for which described the land as being in Land Lot 86. The land is coterminus with the southern boundary of Land Lot 85. In October, 1966, appellants purchased a piece of property from the estate of J. F. Posey which purportedly included the "Mosley Place" and the "Shoupe Place." According to the deed, the Shoupe Place embraced some ten acres in Land Lot 85. Appellees contend that ten acres in Land Lot 85 were included in the "Sanders Place," which they had purchased in 1945. Appellants obtained a deed of correction, executed in December, 1970, which described the Mosley Place as containing all of Land Lot 85. The case went to the jury on the question of appellees' contention that they had acquired prescriptive title to the disputed 62 acres in Land Lot 85 by adverse

possession for twenty years.

Appellants' appeal from the jury verdict is based on three enumerations of error: (1) that the evidence of adverse possession was insufficient for the jury to have found that appellees had acquired prescriptive title; (2) that testimony of three witnesses as to ownership of the disputed area constituted hearsay evidence and should have been excluded; (3) that the testimony of a surveyor and a plat prepared by that surveyor showing the boundaries of the Sanders Place constituted hearsay evidence and should have been excluded.

Wainwright testified that after purchase of the Sanders Place in 1945, he worked the property up to a hedgerow which he thought was the line between the Sanders Place and the Mosley Place. He planted peppers and cotton in the area which now is the subject of this lawsuit in 1946 and 1947. In 1947, he began tree farming on the disputed land and since that time has planted pine trees in rows, has thinned pine trees, and has furnished lumber for the Sanders house. There was testimony that the planted trees were visible from a county road. This evidence was supported by similar testimony of three other witnesses.

1. Adverse possession is defined in Code Ann. § 85-402 as follows: "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. Permissive possession cannot be the foundation of a prescription, until an adverse claim and actual notice to the other party." Code Ann. § 85-403 provides that actual possession of lands is evidenced by "inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another."

Cultivation, tillage of the soil, planting and harvesting a crop are superior indicia of possession. *May v. Sorrell,* 153 Ga. 47 (111 SE 810) (1921). Therefore, the evidence of cultivating the land by growing cotton and peppers in 1946 and 1947 is sufficient to establish actual possession for those years. The question remaining is whether the testimony as to acts of tree farming support the finding of continuous possession. Timber cutting as evidence of possession has been held to be of little value and standing alone has been held totally insufficient. Pindar, Ga. Real Est. Law, § 12-34 (2nd ed.); *Mills v. Kelley,* 214 Ga. 403 (105 SE2d 316) (1958). *Robertson v. Abernathy,* 192 Ga. 694 (16 SE2d 584) (1941); *Hilton v. Singletary,* 107 Ga. 821 (33 SE 715) (1899). In this case, trees were planted in

rows on land which had been open and cultivated land previously and the planting of the trees was on an area visible from a public road. We must decide whether this coupled with periodic harvesting authorized the jury to find a continuation of the possession which began with crop cultivation.

The essence of actual possession is use of the land to such an extent and in such a manner as to put the world on notice. This notice is achieved when the use is so notorious as to attract the attention of every adverse claimant. Code Ann. § 85-403. In this case, Wainwright went into possession by carrying out acts which have been universally recognized as acts of actual possession. Two years later, he continued his possession by changing the very nature and appearance of the land through the planting of trees on previously open land. Trees planted in rows along a public road give a clear and lasting notice that someone is exercising possession by even changing the nature of the real estate.

In *Memory v. Walker,* 209 Ga. 916 (76 SE2d 698) (1953), a highly restrictive rule was set down as to actual possession of timberlands. Even boxing pines, plowing fire breaks, planting pines, marking corners, keeping fire and trespassers off of the land and returning the land for taxation was held not to be evidence of actual possession. This case has been criticized as ignoring the realities of turpentine and forestry farming. Eberhardt, *Real Property: Statutory Developments,* 6 Mercer L. Rev. 135 (1954). We must also join in the disapproval of this holding. The development of tree farming as a major segment of agriculture has caused this enterprise to move outside of the realm of occasional removal of trees from wild lands and into the mainstream of modern economy and technology. There is a state and public interest in the law providing for prescription by adverse possession. This interest is mainly served by removing doubts as to land titles. It is not reasonable to hold that a major portion of the real estate in Georgia cannot be affected by the law dealing with prescription. Although this case is not intended to place a stamp of approval upon mere cutting of trees as evidence of actual possession, we do hold that tree farming when carried out in such a manner as to attract the attention of every adverse claimant can be evidence of actual possession.

This case arose from an action to enjoin a trespasser on land. The question in such a case is whether the plaintiff has title in fact. If the evidence is conflicting, it is for the jury to decide, and a verdict based on any competent evidence which has the approval of the trial judge will not be disturbed on appeal. *Little v. Weatherby,* 220 Ga. 274 (138 SE2d 380) (1964). We find that under the circumstances of this case, there was competent evidence upon which the jury could

have based its verdict in favor of defendants.

2. Appellants complain that testimony as to certain land lines or boundaries was hearsay. The issue in this case is whether appellees' adverse possession ripened into prescription. This is not a land line case. There was sufficient evidence of adverse possession of the land awarded to appellees to authorize the jury's verdict. Even if the evidence concerning the boundaries was error, it was harmless.

3. Appellants' third enumeration of error, that the testimony and plat of appellees' surveyor were based on hearsay and should be excluded, is also without merit. An expert, such as a surveyor, may base his opinion on hearsay. The presence of hearsay does not mandate the exclusion of the testimony; rather, the weight given the testimony is a question for the jury. *King v. Browning*, 246 Ga. 46 (1980). Accordingly, the third enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Jordan, P. J., and Nichols, J., who concur in the judgment only.*

SUBMITTED MARCH 28, 1980 — DECIDED JULY 16, 1980.

*Fallin & Kirbo, William M. McIntosh,* for appellants.
*Denmark Groover, Garland T. Byrd,* for appellees.