43290. SIMMS et al. v. CANDLER et al.
(345 SE2d 37)

WELTNER, Justice.

The Simmses and the Candlers own adjacent beach front lots on Sea Island. Ribault Lane was platted behind both properties, and by agreement of predecessors in title was closed behind the Simmses' property, but not behind the Candlers' property. The Candlers landscaped the adjacent half of Ribault Lane, and have used the other half as a private driveway for the past thirty-three years. Simmses' predecessor erected a fence between his property and that of the Candlers, and did not use the Candler driveway, nor the landscaped strip claimed by the Candlers.

The Candlers contend that they have a right to the disputed strip

through adverse possession, and that the Simmses are bound by their predecessors' abandonment of the easement. The Simmses maintain that they hold a private easement, and are entitled to use all of Ribault Lane as a driveway. The trial court granted to the Candlers an interlocutory injunction to prevent the Simmses from changing Ribault Lane in an attempt to open a roadway.

1. As to the Candlers' contention first, adverse possession is defined in OCGA § 44-5-161 as follows:

"(a) In order for possession to be the foundation of prescriptive title, it:

"(1) Must be in the right of the possessor and not of another;

"(2) Must not have originated in fraud except as provided in Code Section 44-5-162;

"(3) Must be public, continuous, exclusive, uninterrupted, and peaceable; and

"(4) Must be accompanied by a claim of right.

"(b) Permissive possession cannot be the foundation of a prescription until an adverse claim and actual notice to the other party."

The record clearly demonstrates that the disputed strip has been cultivated by the Candlers since 1952, a period in excess of the twenty years required for prescription by OCGA § 44-5-163. A large bamboo hedge and planting screen have delineated portions of Ribault Lane as part of the Candler grounds. Such use constitutes cultivation, and "superior indicia" of possession. *May v. Sorrell,* 153 Ga. 47, 58 (111 SE 810) (1922); *Cheek v. Wainwright,* 246 Ga. 171, 172 (269 SE2d 443) (1980). With the exception of one lone trespasser, the record indicates complete nonuser of the strip by any other parties.

2. Based upon the above, we find that the Candlers have fulfilled the statutory requirements, and are entitled to continued use of Ribault Lane. It is therefore unnecessary to consider the Simmses' contention that there has been no abandonment of the easement.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

DECIDED JUNE 25, 1986 —
RECONSIDERATION DENIED JULY 16, 1986.

*Bishop & Wainright, James A. Bishop, R. Peter Catlin III,* for appellants.

*James R. Tuten, Jr.,* for appellees.