## S01A0878. WILLIAMSON et al. v. FAIN et al.
### (554 SE2d 175)

BENHAM, Justice.

This appeal follows the trial court's entry of judgment which quieted title to disputed land in appellee N. F. Fain, Jr., as trustee of a trust. Fain had filed the quia timet action against all the world (see OCGA § 23-3-60 et seq.), and asserted that appellants Jack and Charlotte Williamson, the owners of land adjoining Fain's property to the east, also claimed ownership of real property that Fain claimed to own.

The Fain and Williamson holdings were both owned by Fain's grandmother and became separate parcels pursuant to a partitioning in 1949 following her death. That partitioning was memorialized in the Childree survey. Fain, as trustee, now owns the parcel received

by his father, and the Williamsons now own the parcel received by Fain's uncle. At the time of the partitioning, a woven wire fence separated the two parcels and was perceived to be the boundary demarcation. In their answer to Fain's petition to quiet title, the Williamsons, who purchased their property in 1989, admitted they and Fain were adjoining landowners and stated they and Fain had employed a registered land surveyor in 1992 to survey and plat the property of both and locate the boundary line between the two parcels. According to the Williamsons, the boundary line was established by a plat (the Clarke survey) dated October 12, 1992 and recorded February 6, 1998, and the parties have possessed the property pursuant to that boundary line and have acquiesced in that boundary line. That line encroaches 104.62 feet into Fain's parcel as depicted in the 1949 Childree survey. The special master, appointed by the superior court pursuant to OCGA § 23-3-63, held an evidentiary hearing and filed a written report in which he made two conclusions: if this were a "dividing line" case, the undisputed facts showed the property belonged to Fain;[1] if it were a "title" case, Fain had obtained title by prescription because his predecessors in title had cultivated the disputed land for agricultural purposes from 1949 through 1983, and then had changed the nature and appearance of the land when they clear-cut, wind-rowed, and planted pine trees in 1983. See *Cheek v. Wainwright*, 246 Ga. 171 (269 SE2d 443) (1980). The trial court entered an order in which it quieted title to the disputed land in Fain as against the Williamsons and all the world.

1. The Williamsons contend the trial court erred when it denied their motion to dismiss for failure to state a claim in which they claimed Fain failed to comply with OCGA § 23-3-62 (c), which requires certain documentation to be filed with a quia timet petition. OCGA § 23-3-62 (c) states:

> With the petition there shall be filed (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

With his petition, Fain filed a copy of the 1949 Childree survey and the immediate instrument upon which Fain's interest is based. In

---

[1] But see *Gauker v. Eubanks*, 230 Ga. 893 (3) (199 SE2d 771) (1973), where this Court noted that a petition in quia timet under the Quiet Title Act of 1966, such as the one filed in this case, "is not a suit to 'establish a dividing line,' as contemplated by [OCGA § 44-4-6]."

response to the motion to dismiss, Fain amended his petition to state with specificity the Williamsons' claim, and attached to the amendment a copy of the instrument by which the Williamsons obtained their interest in the land adjoining Fain's land. Appellants contend the copy of the 1949 Childree survey was not sufficient to meet the requirements of OCGA § 23-3-62 (c) (1) and the trial court should have granted their motion to dismiss for failure to state a claim.

The Civil Practice Act (CPA) is applicable to this special statutory proceeding. OCGA § 9-11-81. Under the CPA, a motion to dismiss for failure to state a claim (OCGA § 9-11-12 (b) (6)) will not be granted unless:

> the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof [cit.]; and . . . the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. [Cit.]

*Anderson v. Flake*, 267 Ga. 498 (2) (480 SE2d 10) (1997). The contents of Fain's petition were sufficient to survive the Williamsons' motion to dismiss. That the plat of survey of the land petitioner attached to his petition was not satisfactory to appellants did not reduce the petition to one which does not state a claim. Compare OCGA § 9-11-9.1 (d), which states that the failure to attach the statutorily-required expert's affidavit in a malpractice action can subject the complaint to dismissal for failure to state a claim.

2. The Williamsons complain that Fain cannot claim title to the disputed strip of land because he is trying to establish a mistake in his deed to the detriment of innocent third parties, the Williamsons. See *Malette v. Wright*, 120 Ga. 735, 742 (48 SE 229) (1904). The *Malette* rule that a grantor may not adversely possess against his grantee and that a grantor's continued possession is not notice to an innocent third-party purchaser of the grantor's claim of title is not applicable here since Fain is not the grantor in any deed conveying property to any of the Williamsons' predecessors in title. See *Seignious v. MARTA*, 252 Ga. 69, 73 (311 SE2d 808) (1984), where this Court limited *Malette* to its facts.

3. Appellants next take issue with the determination that Fain acquired prescriptive title to the disputed land. If there is any evidence to support the trial court's determination, it will not be disturbed on appeal, even if there is evidence to support a contrary determination. *Nebb v. Butler*, 257 Ga. 145 (357 SE2d 257) (1987). In order for possession to be the foundation of prescriptive title, the possession must be in the right of the possessor, be under claim of right,

and be public, continuous, exclusive, uninterrupted, and peaceable, and not have originated in fraud. OCGA § 44-5-161. Evidence that Fain's parents and predecessors in title had carried out acts recognized as acts of actual possession by cultivating the land from 1949 through 1983, and then had changed the nature and appearance of the land by clear-cutting, wind-rowing, and re-planting a pine tree plantation, another clear notice of exercising possession, was sufficient to authorize the trial court's ruling. *Cheek v. Wainwright*, supra, 246 Ga. 171 (1).

4. Appellants maintain that their boundary line with Fain was determined by Fain's acquiescence in the line shown on the 1992 Clarke survey. "A boundary line which is in dispute, uncertain or unascertained, may be established either (a) by oral agreement, if the agreement is accompanied by actual possession to the line or is otherwise duly executed or (b) by acquiescence for seven years as provided in [OCGA § 44-4-6]." *Cothran v. Burk*, 234 Ga. 460, 461 (216 SE2d 319) (1975). Appellants base their claim on Fain's act of joining them in hiring Clarke to survey their properties and to establish the boundary line, and in purportedly living according to the line so established for seven years. The Special Master determined there was insufficient evidence of a written or oral agreement between Fain and the Williamsons that the Clarke dividing line would be the actual dividing line, and noted Fain's quia timet action was filed in 1998, six years after the Clarke survey was done in 1992. Both findings defeat appellants' claim of boundary line by acquiescence.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 2001.

*Smith & Perry, Ralph C. Smith, Jr.*, for appellants.
*Kirbo & Kendrick, Ben Kirbo*, for appellees.