S06A1407. MOBLEY et al. v. JACKSON CHAPEL CHURCH.
(636 SE2d 535)

BENHAM, Justice.

Appellee Jackson Chapel Church is located on property in Polk County adjacent to property owned by appellants Willard C. Mobley, his daughter, and his son-in-law. When appellants began to make improvements on real property the church believed it owned as a result of the church's adverse possession for over one hundred years, the church filed a petition for ejectment, for declaratory judgment, and for injunctive relief. In their answer, appellants asserted the ownership of the property had been decided adversely to the church in previous litigation[1] and denied the church's claim of adverse possession. The trial court conducted a bench trial in September 2005

---

[1] In April 2003, the trial court nullified a March 1995 deed conveying .91 acres from appellant Mobley and his daughter to the Jackson Chapel United Methodist Church for lack of acceptance of the deed by the church. The land was part of the tract Mobley and his daughter had purchased in 1994 with the written understanding that a portion of the house on the tract encroached upon land occupied by the church.

and determined the church had acquired title to a portion of the disputed property by adverse possession for more than twenty years and set the boundary line between the tract owned by the church and the tract owned by appellants. The boundary line set by the trial court gave appellants ownership of the land upon which their home and its propane tank sat, and gave the church ownership of the land on which sat appellants' dog pen, chicken coops, and a wire fence, all of which had been installed in 2003. Appellants were ordered to remove the outbuildings and the fence, and they filed a timely notice of appeal.

1. Appellants contend the evidence was insufficient to establish the church's adverse possession. "Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by law." OCGA § 44-5-160. "[P]ublic, continuous, exclusive, uninterrupted, and peaceable" possession of real property "for a period of 20 years shall confer good title by prescription to the property against everyone except the state and those persons laboring under the disabilities stated in Code Section 44-5-170." OCGA §§ 44-5-161; 44-5-163. If there is any evidence to support a trial court's determination regarding whether a party acquired prescriptive title to disputed land, that determination will not be disturbed on appeal. *Williamson v. Fain*, 274 Ga. 413 (3) (554 SE2d 175) (2001).

In the bench trial, the church presented a 1908 deed in the chain of title to adjoining property which made reference to two acres in the southwest corner of Land Lot 40 "on which is located 'Jackson's Chappel,' . . . and [is] used for church and cemetery purposes," and presented deeds from 1918, 1940, and 1972 which referred to the land "held and used" by the church. The church also presented deeds to adjoining property executed in 1910 that made reference to one acre in Land Lot 105 (which lies directly west of Land Lot 40) that had been reserved for "Cemetery purposes." Church trustees testified the church building had been moved 40-50 feet west in 1957, from Land Lot 40 to its current location on Land Lot 105, and church members had family plots in the cemetery. A church trustee testified the property had been used as church property since 1957 and regularly maintained by the church, with the churchyard being mowed every other week or so, downed tree limbs and damaged trees removed as needed, and the cemetery cleaned up by the church community twice a year.

In addition to the paper trail recognizing the church's possession and use of the property and the testimony concerning the church's upkeep and maintenance of the property, the church also presented several items of evidence which established appellant Mobley's personal knowledge of the church's claim to the property dating back to August 1972. A church trustee testified that he and Dennis Mason,

the owner of Cave Spring Construction Company, a predecessor in title to appellants, came to an oral agreement in August 1972 regarding the boundary line and the duo marked the corners by installing iron pins. The church trustee and appellant Mobley, then a member of the church, shortly thereafter installed iron fence posts by the pins at Mason's suggestion in order that the pins would be more visible. The fence posts remained in place until sometime in 2002 when they disappeared. The church presented testimony that appellant Mobley had approached a predecessor in his title in 1979-80 and, acting as a member of a church delegation, pointed out that the home the predecessor in title had just completed encroached upon the church's property. The church also presented the 1994 written and recorded acknowledgment of appellant Mobley and his daughter that they became aware, prior to the execution of the contract by which they purchased the property adjoining the church, that a portion of the house on the property they were buying, located at the northern edge of the contested property, "lies and encroaches upon property owned by the Jackson Chapel Methodist Church." The church trustee acknowledged the church had taken no legal action to resolve the dispute regarding the placement of a corner of the home on church property.

The trial court was authorized to conclude from the evidence presented that the church had acquired prescriptive title to that portion of the disputed property used and possessed by the church for church and cemetery purposes. See *Henson v. Bridges*, 218 Ga. 6 (126 SE2d 226) (1962); *Slaughter v. Land*, 194 Ga. 156 (21 SE2d 72) (1942).

2. Appellants contend that, even conceding the church obtained title by prescription to the entire parcel of disputed property, the entire parcel should have been awarded to appellants. Appellants' theory is that the remote predecessor in title who built the home that encroached upon the church's property had "paper title" to the disputed property and, by exercising dominion over the small portion of the property on which the house was built, had constructive possession of the entire parcel. However, the premise of appellants' theory is invalid because the trial court did not find that the church gained prescriptive title to the entire disputed tract. Rather, the trial court found the church acquired title to only "portions of the disputed property" by adverse possession for more than twenty years, and set a boundary line that awarded the church only that portion of the disputed property.[2] "Actual possession for twenty years, if continuous, adverse, peaceable, and accompanied by claim of right, gives

---

[2] The portion of the disputed property on which part of the house stood was awarded to appellants.

prescriptive title to the land so actually held, but does not extend beyond it." *Ford v. Williams*, 73 Ga. 106 (2) (1884). Inasmuch as the trial court did not give the church all the property to which it claimed prescriptive title, we see no error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Minor, Bell & Neal, John R. McCown, Jeffrey N. Woodard, Stephen B. Farrow*, for appellants.

*Frank H. Jones, Brinson, Askew, Berry, Seigler, Richardson & Davis, Ivy S. Duggan*, for appellee.