A07A1474. MOSES v. TRATON CORPORATION et al.
(650 SE2d 353)

BLACKBURN, Presiding Judge.

In a trespass action brought by Christopher Moses against builder Traton Corporation and an employee, Moses appeals the denial of his motion for summary judgment and the grant of defendants' cross-motion for summary judgment, contending that the trial court erred in ruling that Moses lacked standing. We disagree and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that in May 2004, Moses bought a house from Traton, which developed Moses's subdivision according to a recorded plat establishing Moses's (and other owners') property boundaries and public rights of way. After Moses's house was built, but before final subdivision construction was completed, Traton's (or its agents') construction vehicles drove over a portion of the grass near the curb in front of Moses's house, creating ruts and other damage to the turf and soil. It is undisputed that the portion of grass

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

over which the trucks drove is located outside of Moses's lot and entirely within a public right of way owned by Cobb County, as shown by the controlling plat attached to Moses's deed.

Moses brought the damage to Traton's attention, and although Traton initially repaired some damage, Moses was unable to persuade Traton to fix subsequent damage done to the grass. Moses then filed a trespass action against Traton and a Traton employee and moved for summary judgment; defendants filed a cross-motion for summary judgment. Ruling that Moses had no standing, the trial court denied Moses's motion for summary judgment and granted summary judgment to defendants. Moses now appeals.

1. *Sufficiency of possessory interest for standing to sue for trespass.* Moses contends that the trial court erred in failing to recognize his standing to sue based on his alleged possessory interest in the damaged property. Moses concedes that he does not own the damaged land and that none of the land he owns was damaged. Instead he relies on OCGA § 51-9-2, which states that "[t]he bare right to possession of lands shall authorize their recovery by the owner of such right, as well as damages for the withholding of such right." Therefore, if a plaintiff is not the owner of the land in question, "[t]o maintain an action for trespass or injury to realty, it is essential that the plaintiff show . . . that he was . . . in possession at the time of the trespass." *Smith v. Fischer.*[2]

Here, Moses contends that because he attended to the landscaping on the property between his lot and the street, and because he requested that others not invade that property, he showed a sufficient level of possession to demonstrate standing. However, in this context, "possession" is considered to be "one degree of title. . . . Possession implies a present right to deal with property at pleasure, and to exclude other persons from meddling with it." *Justice v. Aikin.*[3] See *Bethel Farm Bureau v. Anderson.*[4] Moses has not demonstrated legal possession because the subject property is, as he concedes, a public right of way owned by Cobb County. While Moses may use the right of way in the same manner as other members of the public, his interest in such property is not one whereby he may assert that he possesses the land to the exclusion of others. Therefore, the trial court correctly ruled that Moses's asserted possessory interest did not provide a basis to demonstrate standing to sue for trespass.

2. *Scope of Moses's possession under his deed.* Moses also relies on OCGA § 44-5-167, which states that "[p]ossession under a duly

---

[2] *Smith v. Fischer*, 52 Ga. App. 598, 599 (184 SE 406) (1936).

[3] *Justice v. Aikin*, 104 Ga. 714, 716 (30 SE 941) (1898).

[4] *Bethel Farm Bureau v. Anderson*, 217 Ga. 529, 532 (3) (123 SE2d 754) (1962).

recorded deed will be construed to extend to all the contiguous property embraced in the deed." Based on this, Moses argues that he is deemed to be in possession of the public right of way because it is contiguous to his property, which is delineated in a duly recorded deed. However, this ignores the Code's plain wording, i.e., that possession extends to *"the contiguous property embraced in the deed."* See *Martin v. Clark*[5] ("a claimant in actual possession of a part of a tract may rely upon the presumption that his possession extends to the boundaries of the tract *described in his paper title"*) (emphasis supplied). As Moses's deed did not embrace the property outside of his lot, and the subject property is not within the lot described in Moses's deed, OCGA § 44-5-167 is not a basis for Moses to show standing here.

3. *Unlawful interference with right of way.* Moses next relies on OCGA § 51-9-10, which states that "[t]he unlawful interference with a right of way or a right of common constitutes a trespass to the party entitled thereto." Moses argues that the trial court erred in failing to recognize his standing to prevent an unlawful interference with a right of way. We disagree.

As a general matter, OCGA § 51-9-10 protects the rights of users of rights of way from interference with their use. Moreover, "[o]wners of property which abuts a public road have the right to the use and enjoyment of such road in common with all other members of the public, as well as other rights such as ingress and egress which do not belong to the public generally." (Punctuation omitted.) *Holland v. Shackelford.*[6] However, the right to ingress and egress enjoyed by a contiguous property owner (and not the public) does not encompass such a possessory right as to authorize the contiguous property owner to exclude the public from the right of way.

Here, Moses has provided no evidence of interference with his right to ingress and egress over the public right of way. Therefore, contrary to Moses's argument, Moses retains full enjoyment of his right to come and go over the right of way as he pleases. Accordingly, nothing in OCGA § 51-9-10 is implicated by his claim here, and the trial court did not err in so ruling.

Moses also relies on *Clayton County v. Billups Eastern Petroleum Co.,*[7] which addressed the following question:

> whether a cause of action is stated for damage to property by a petition alleging facts sufficient to authorize a jury to find substantial impairment of an owner's right of ingress and

---

[5] *Martin v. Clark*, 190 Ga. 270, 274 (4) (9 SE2d 54) (1940).

[6] *Holland v. Shackelford*, 220 Ga. 104, 111 (2) (137 SE2d 298) (1964).

[7] *Clayton County v. Billups Eastern Petroleum Co.*, 104 Ga. App. 778, 780 (123 SE2d 187) (1961).

> egress directly to and from the highway where . . . the highway is converted from an unlimited to a limited access road and there is provided at the time of the change a service road by which the plaintiff's property can be reached.

Finding that the conversion of the highway was an impairment of the plaintiff's prior "practically unlimited ingress and egress," this Court ruled that the plaintiff had stated a claim against the State for making the conversion without compensating the plaintiff for this impairment. Id. at 782.

Based on this reasoning, Moses argues that he has standing here to pursue a trespass action against Traton's construction vehicles. However, *Billups Eastern* is an eminent domain case in which the plaintiff sued the State, not a trespass action against a private party. Moreover, even if we apply the analogy here, Moses's right to ingress and egress (which was the right at issue in *Billups Eastern*) has not been impaired in any way by the damage done in the right of way. Thus, if Traton had installed a curb or some other impairment to Moses's right of ingress and egress, see, e.g., *Dougherty County v. Hornsby*,[8] *Billups Eastern* might support such an argument here. But as Moses has identified no diminishment in his right of use or enjoyment with respect to his own property, nor any impairment to his ability to use the right of way or access his property, his reliance on *Billups Eastern* here is misplaced.

4. *Effect of the covenants associated with Moses's estate.* Moses also contends that the covenants recorded with his deed create a sufficient property interest in the right of way for him to pursue a trespass action. We disagree.

Moses's deed is subject to covenants which by their terms, "are for the purpose of protecting the value and desirability of, and which shall run with, the real property and be binding on all parties having any right, title or interest in the described properties [including Moses's lot] . . . and shall inure to the benefit of each owner thereof." The covenants require owners to maintain their "Lots," which are defined, in relevant part, as the owner's "plot of land."

Moses argues that the obligation to maintain his lot, and his right to enforce the covenants against other lot owners, gives him legal standing to maintain a trespass action with respect to land in the right of way. This argument ignores the distinction between the public right of way and Moses's private lot, which are both delineated in the recorded plat. The covenants merely require Moses and other lot owners to maintain their lots, and neither Moses's lot nor any

---

[8] *Dougherty County v. Hornsby*, 213 Ga. 114, 117-118 (1) (97 SE2d 300) (1957).

other owner's lot includes the right of way. Moreover, in obligating Moses to maintain his lot, the covenants do not purport to create either an ownership or a possessory interest with regard to the subject property. Therefore, Moses cannot now rely on the covenants to show standing to maintain this trespass action.

5. *Factual indicia of possession.* Finally, Moses argues that the trial court misconstrued or ignored facts that tend to support his claim of possession. However, in light of our rulings herein with respect to Moses's lack of legal interest in the right of way, the facts Moses points to, such as his mowing of the area, or other property owners' opinions with respect to Moses's legal interest in the land, are not sufficient to create in Moses a legally cognizable possessory interest in the public right of way. Accordingly, this argument is without merit.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JULY 10, 2007 —
RECONSIDERATION DENIED JULY 30, 2007 — 

*Sam S. Han,* for appellant.
*Moore, Ingram, Johnson & Steele, J. Kevin Moore,* for appellees.