A10A0311. BROWN INVESTMENT GROUP, LLC v. THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH.
(695 SE2d 331)

ANDREWS, Presiding Judge.

Brown Investment Group, LLC bought real property located in the City of Savannah at a tax sale and acquired a tax deed to the property dated August 1, 2006. The City subsequently determined that a vacant dilapidated building located on the property was unsafe and demolished the building on July 25, 2007, prior to the expiration of the 12-month statutory right of redemption held by the defendants in fi. fa. under OCGA § 48-4-40 (1). Brown Investment sued the mayor and aldermen of the City for trespass and the value of the destroyed building, claiming it owned the real property and that the City illegally demolished its building without giving it prior notice required by the City Code.[1] Brown Investment moved for summary judgment, and the City filed a cross-motion for summary judgment claiming that Brown Investment lacked standing because it did not hold legal title to the property when the building was demolished.

---

[1] The complaint, filed on May 22, 2008, alleged that Brown Investment obtained legal title to the property by acquiring the August 1, 2006 tax deed and foreclosing the right of redemption in April 2008 by giving the notice required under OCGA § 48-5-45. *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 43 (586 SE2d 235) (2003).

Brown Investment appeals from the trial court's order granting the City's motion and denying its motion. For the following reasons, we affirm.

Brown Investment lacked standing to sue the City for trespass or the value of the destroyed building because it was not the legal owner and had no right to possession of the real property when the building was demolished. "To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner [with legal title] or was in possession at the time of the trespass." (Punctuation omitted.) *Whitaker Acres, Inc. v. Schrenk*, 170 Ga. App. 238, 240 (316 SE2d 537) (1984). The August 1, 2006 tax deed acquired by Brown Investment at the tax sale of the property did not convey legal title to the property; rather it conveyed "an inchoate or defeasible title, subject to the right of the owner[s, the defendants in fi. fa.,] to redeem within the time prescribed by [OCGA § 48-4-40]." (Punctuation omitted.) Id.; *BX Corp. v. Hickory Hill 1185, LLC*, 285 Ga. 5, 7 (673 SE2d 205) (2009). Under OCGA § 48-4-40, the defendants in fi. fa. had the right to

> redeem the property from the sale by the payment of the redemption price or the amount required for redemption, as fixed and provided in Code Section 48-4-42: (1) At any time within 12 months from the date of the sale; and (2) At any time after the sale until the right to redeem is foreclosed by the giving of the notice provided for in Code Section 48-4-45.

Accordingly, when the building was demolished on July 25, 2007, the defendants in fi. fa. still had the absolute right under OCGA § 48-4-40 (1) to redeem the property within 12 months from the August 1, 2006 tax sale. While the right to redeem the property existed, Brown Investment's title under the tax deed was subordinated to this right; the defendants in fi. fa. retained their title to the property; and Brown Investment had no right to actual or constructive possession of the property. *Whitaker Acres*, 170 Ga. App. at 240; *Moses v. Traton Corp.*, 286 Ga. App. 843, 844 (650 SE2d 353) (2007). Assuming the defendants in fi. fa. held legal title to the property before the August 1, 2006 tax deed, they retained their title under the right of redemption at the time of the demolition on July 25, 2007, and they possess standing to assert a cause of action to recover the value of the demolished building. *Whitaker Acres*, 170 Ga. App. at 241. Although their cause of action may be assigned, nothing in the record shows an assignment to Brown Investment. *Outdoor Systems v. Wood*, 247 Ga. App. 287, 290 (543 SE2d 414) (2000). A cause of action for trespass does not run with the land even when a fee simple interest is conveyed, so even if Brown Investment subsequently

acquired legal title to the property by foreclosing the right of redemption, this would not give it the right to sue for trespass and damage to the property which occurred before it acquired legal title. Id. It follows that Brown Investment has no standing to recover for trespass and damage to the property which occurred at a time when it held no legal title or right of possession to the property.[2] The trial court did not err by granting summary judgment to the City and denying Brown Investment's motion for summary judgment.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED MAY 5, 2010 — 

*Duffy & Feemster, Stanley E. Harris, Jr.*, for appellant.
*Lester B. Johnson III*, for appellee.

---

[2] The tax deed conveying a defeasible fee did, however, give Brown Investment sufficient interest in the property to require the City to provide it with the same notification of demolition required to be given under the City Code to the defendants in fi. fa. See *Croft v. Fairfield Plantation Property Owners Assn.*, 276 Ga. App. 311, 313-314 (623 SE2d 531) (2005). The defeasible fee also gave Brown Investment an insurable interest in the property. See *Aetna Ins. Co. v. Foster*, 43 Ga. App. 658 (159 SE 882) (1931); OCGA § 33-24-4; 33 Appleman On Insurance 2d, §§ 195.01 [C]; 195.03 [D].