S10G1471. BROWN INVESTMENT GROUP, LLC et al. v. THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH.
(709 SE2d 214)

CARLEY, Presiding Justice.

On August 1, 2006, a tax deed to real property located in the City of Savannah was executed in favor of Brown Investment Group,

LLC. The City determined that a vacant building on the property was unsafe and demolished it on July 25, 2007. Brown brought suit against the mayor and aldermen of the City for the full value of the destroyed building, alleging that the City failed to give it prior notice of the demolition. On cross-motions for summary judgment, the trial court granted summary judgment in favor of the City on the ground that Brown "has failed to bar the right to redeem the property and therefore, has no standing to seek damages against the [City]." The Court of Appeals affirmed on an alternative basis, holding that, when the building was demolished, the absolute 12-month right of redemption under OCGA § 48-4-40 (1) had not expired and, as a result, Brown held neither legal title nor the right of possession and therefore lacked standing to sue the City for trespass. *Brown Investment Group v. Mayor and Aldermen of the City of Savannah*, 303 Ga. App. 885 (695 SE2d 331) (2010). We granted certiorari to review that ruling.

" 'To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass.' [Cits.]" *Coffin v. Barbaree*, 214 Ga. 149, 151 (103 SE2d 557) (1958). See also *Whitaker Acres v. Schrenk*, 170 Ga. App. 238, 240 (2) (316 SE2d 537) (1984). It is well-settled that the title acquired by the purchaser of a tax deed is "not a perfect fee simple title, but rather an inchoate or defeasible title subject to the right of redemption. [Cit.]" *BX Corp. v. Hickory Hill 1185*, 285 Ga. 5, 7 (673 SE2d 205) (2009). See also *Mark Turner Properties v. Evans*, 274 Ga. 547, 548 (1) (554 SE2d 492) (2001). As Justice Lumpkin observed, "[t]he nature of the title which he has may be compared to an estate which will ripen upon a condition, or rather perhaps to one which will be defeated upon the happening of a condition." *Bennett v. Southern Pine Co.*, 123 Ga. 618, 622-623 (51 SE 654) (1905). See also *Whitaker Acres v. Schrenk*, supra.

The purchaser " 'has consequently no constructive possession of the premises, and no more right to go upon and make use of them than any stranger to the title would have. . . .' [Cits.]" *Elrod v. Groves*, 116 Ga. 468, 470 (42 SE 731) (1902). See also *Whitaker Acres v. Schrenk*, supra. A tax deed does not entitle a purchaser to possession as a matter of law or right until the right to redemption is terminated. *National Tax Funding v. Harpagon Co.*, 277 Ga. 41, 43 (1) (586 SE2d 235) (2003); *McDonald v. Wimpy*, 206 Ga. 270, 273 (4) (56 SE2d 524) (1949). "He is not entitled to possession, or to rents, issues, and profits, during the time allowed for redemption. [Cit.]" *Bennett v. Southern Pine Co.*, supra at 622. See also *Whitaker Acres v. Schrenk*, supra. " 'His entry upon the premises would be a trespass upon the possession, actual or constructive, of the owner, who might recover against him for any injury committed.' [Cits.]"

*Elrod v. Groves*, supra. See also *Whitaker Acres v. Schrenk*, supra.

The owner, or defendant in fi. fa., is the one who is entitled either to rent or possession during the period allowed for redemption. *Elrod v. Groves*, supra at 469. Until the expiration of that period which the law fixes for the defendant in fi. fa. to exercise his right to redeem, his title as owner is not divested. *Morrison v. Whiteside*, 116 Ga. 459, 462 (42 SE 729) (1902); *Whitaker Acres v. Schrenk*, supra. He is the one who has "standing to sue for a trespass which occurs during this period." *Whitaker Acres v. Schrenk*, supra at 241 (2).

The Georgia precedent reviewed above is also the rule elsewhere and is "decisive of the rights of the parties to this action. . . . [I]f [the purchaser] has not within [12 months] the possession, or the immediate right of possession, he cannot maintain trespass; [cit.]" *Bache v. McCullough*, 4 Walk. 293 (Pa. 1883). If the purchaser were permitted to recover the value of improvements destroyed by a trespasser, "he might in that way deprive the owner of the means of raising the money to redeem, a result not within the intention of the legislature and in opposition to the construction of the [tax sale and redemption] statute[s] by [this] Court." *Bache v. McCullough*, supra. Accordingly, the Court of Appeals correctly held that, in the absence of any assignment to Brown by the defendants in fi. fa. of their cause of action, Brown does not have "standing to sue the City for trespass or the value of the destroyed building because it was not the legal owner and had no right to possession of the real property when the building was demolished." *Brown Investment Group v. Mayor and Aldermen of the City of Savannah*, supra at 886.

However, we note that, during the period allowed for redemption a tax sale purchaser may have an equitable remedy to restrain the defendant in fi. fa. or another from destroying the chief value of the property or may have a "remedy by an action upon the case." *Bache v. McCullough*, supra. See also *Sams v. Young*, 217 Ga. 685, 687-688 (124 SE2d 386) (1962) (appropriate remedies for interference with an easement). Such a common-law action on the case was " 'an action for the recovery of damages, for acts unaccompanied with force, and which in their consequences only are injurious.' [Cits.]" *Donaldson v. Great Atlantic & Pacific Tea Co.*, 186 Ga. 870, 873 (199 SE 213) (1938).

We further note that the Court of Appeals correctly observed that Brown's defeasible fee gave it both an insurable interest in the property and sufficient interest therein to require the City to provide it with notice of the demolition. *Brown Investment Group v. Mayor and Aldermen of the City of Savannah*, supra at 887, fn. 2. See also *Pivirotto v. City of Pittsburgh*, 528 A2d 125, 127-128 (Pa. 1987). Contrary to Brown's argument, recognition of this interest is in no way inconsistent with the legal title held by the defendants in fi. fa.

*Pivirotto v. City of Pittsburgh,* supra at 128. As already discussed, however, the tax sale purchaser during the time allowed for redemption does not have a sufficient interest to recover the full value of the destroyed improvements and thereby prevent the defendant in fi. fa. as the true owner from obtaining such a recovery.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2011 —
RECONSIDERATION DENIED APRIL 12, 2011.

*Duffy & Feemster, Stanley E. Harris, Jr.,* for appellant.
*Lester B. Johnson III,* for appellee.